The plaintiffs appeal from a summary judgment for the defendant, Country Skillet Poultry Company (hereinafter "Country Skillet").
The evidence before the trial court at the time of the summary judgment motion tended to show the following: Lucille Rutley worked at Peco Foods, Inc. (hereinafter "Peco"), and on October 26, 1983, her thumb was amputated while she was reaching into a chicken wing cutting machine to clear a stuck chicken wing. This machine had been manufactured by Research Development Manufacturing Corporation, and a few weeks prior to Lucille's injury Peco had purchased this machine and another just like it from Country Skillet, a company also in the poultry processing business. *Page 83 
Before Country Skillet sold these machines to Peco, they had been in use at Country Skillet's plant in Athens, Alabama, and three workers had had their thumbs amputated by these machines. There had also been two other hand injuries on these machines. The purchase of the machines from Country Skillet was initiated by Peco's manager, Holly Dyer. Dyer and Country Skillet's manager, J.W. McKinney, discussed the accidents that had occurred on the machines but did not discuss specifics such as names and dates. Each machine was sold "as is".
During the years that Country Skillet had owned and operated the machines, Travelers Insurance Company provided safety inspection services, and as a result of injuries on the machines, Travelers made recommendations for alterations and modifications to the machines. Those recommendations were made by Travelers' engineering representative, Stephen Bentley, and were that a rod or thong be provided to clear the machine, that a sign be attached reading "Turn Machine Off Before Attempting to Clear Machine," that a written training program be drafted, and that a guard be added. All of these recommendations were adopted by Country Skillet except that the signs placed on the machines read "Do Not Talk To Machine Operators" and "Shut Down This Machine Before Cleaning, Oiling Or Repairing. Wait Until All Moving Parts Stop." Despite all of these changes, another injury occurred on one of the machines. Bentley returned to the plant and mentioned to Country Skillet's management that if the machines caused another injury, further steps would be necessary. Country Skillet then changed the safety switch to one that would brake the machine's moving part so that there would be no continued motion after the machine was turned off and initiated a slide show training program. Two more injuries occurred on the machines.
When Country Skillet sold the machines to Peco, Country Skillet did not tell Peco about the Travelers recommendations, about the need for a rod or thong to clear the machine, or about the details of the accidents; Country Skillet also did not tell Peco about the training materials or provide Peco with those materials. Once the machines were delivered to Peco, Peco replaced the safety switches with switches that did not brake the machines, and on the day of Lucille's injury, the switch on her machine did not work at all. Peco also removed the signs. The record is conflicting over whether Peco also removed other safety features from the machines.
Lucille and her husband sued the machine's manufacturer, certain co-employees, and Peco's insurance carrier; Country Skillet was later added as a defendant in an amendment to the complaint. A settlement for $114,000.00 was reached with all defendants except Country Skillet. Country Skillet then moved for summary judgment, and the trial court granted that motion.
Because this action was filed prior to June 11, 1987, the effective date of Ala. Code 1975, § 12-21-12, the "scintilla rule" governs this Court's review of the summary judgment. This Court has stated:
 " 'A motion for summary judgment may be granted only when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Fountain v. Phillips, 404 So.2d 614, 618 (Ala. 1981). Furthermore, all reasonable doubts concerning a genuine issue of material fact must be resolved against the moving party. Couch v. Dothan-Houston County Airport Authority, Inc., 435 So.2d 14 (Ala. 1983).' "
Best v. Houtz, 541 So.2d 8, 9 (Ala. 1989) (quoting Cabaniss v.Wilson, 501 So.2d 1177, 1182 (Ala. 1986)). Under the "scintilla rule," once the moving party has made a prima facie showing, the burden shifts to the non-moving party to show that there is at least a scintilla of evidence in his favor. Ross v. Edwards,541 So.2d 507, 509 (Ala. 1989).
Plaintiffs claim that Country Skillet was negligent in the redesign, alteration, and sale of the machine, and they rely onRestatement (Second) of Torts § 388 (1965), which provides:
 "One who supplies directly or through a third person a chattel for another to use *Page 84 
is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
 "(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
 "(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
 "(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous."
Section 388 was cited by this Court in Purvis v. PPG Indus.,Inc., 502 So.2d 714, 719 (Ala. 1987).
Country Skillet argues that plaintiffs raise the applicability of § 388 for the first time on appeal, and that plaintiffs sued it only under the Alabama Extended Manufacturer's Liability Doctrine and that the § 388 claim was never added by amendment to their pleadings and was not presented at the summary judgment hearing. Plaintiffs' third amendment states, in part:
 "3. This claim is brought under the Alabama Extended Manufacturer's Liability Doctrine.
 "4. Plaintiff substitutes Country Skillet Poultry Company for the parties fictitiously described in the original Complaint as 'G', 'H', 'I', 'J', 'M' and 'N'.
 "5. The plaintiff claims that the defendant, Country Skillet Poultry Company, and those fictitiously described defendants named in the original Complaint which are listed in the previous paragraph herein, sold, manufactured, altered and/or distributed [the] wing machine made the basis of the original Complaint and this Amendment thereto, in a defective condition unreasonably dangerous to the ultimate user thereof, to-wit; the plaintiff, Lucille Rutley. Plaintiff further avers that the said defendants, Country Skillet Poultry Company and those fictitiously described defendants named in the preceding paragraph herein, negligently placed the wing machine made the basis of this Complaint into the stream of commerce in the State of Alabama when said defendants knew or by the exercise of reasonable care should have known that the said wing machine was inherently and unreasonably dangerous when it was used for its intended purpose. Plaintiff claims further that she, Lucille Rutley, was an expected ultimate user of said product and that she was using it for its intended purpose when she sustained the severe injuries complained of in the original Complaint."
In Barnett v. Mobile County Personnel Bd., 536 So.2d 46 (Ala. 1988), we discussed how a caption to a pleading is only the label by which to identify it and is not the determining factor of what the pleading actually is or what it states. A court must look to the allegations in the body of the complaint in order to determine the nature of a plaintiff's cause of action.Id., 536 So.2d at 50. While paragraph 3 in the amended complaint is not a caption, certainly that one statement does not act as the only means of determining what action the amended complaint states; the pleading must be read in its entirety. Taken as a whole, the amendment does not allege that Country Skillet failed to warn Peco of the machine's dangers, and, thus, the amendment does not state a claim under § 388. A fair reading of the amendment shows that the plaintiffs attempted to state only a cause of action under the Alabama Extended Manufacturer's Liability Doctrine. The liberalized rules of procedure have not eliminated pleadings as the principal means by which the parties choose the issues that they wish to litigate. Id., 536 So.2d at 49-50; Zeigler v.Baker, 344 So.2d 761, 763 (Ala. 1977). This Court stated inArchie v. Enterprise Hosp. Nursing Home, 508 So.2d 693, 696
(Ala. 1987):
 "A given set of facts may give rise to more than one cause of action, and if a plaintiff elects to pursue only one such cause of action, the fact that an unpursued cause of action would have supported recovery will not bolster a cause of action which will not support recovery. *Page 85 
Although the Alabama Rules of Civil Procedure have established notice pleading, see Rule 8, a pleading must give fair notice of the claim against which the defendant is called to defend."
The amendment in this case does not allege that Country Skillet failed to exercise reasonable care to inform Peco of the dangerous condition of the machine. Failure to warn is an essential element under § 388. Therefore, no claim under § 388 was ever stated. When taken as a whole, the plaintiffs' claim against Country Skillet is one under the Alabama Extended Manufacturer's Liability Doctrine. Plaintiffs have conceded that that doctrine is not applicable in this case and do not claim on this appeal that Country Skillet can be held liable under the A.E.M.L.D.
The necessary elements for recovery under a negligence theory are duty, breach of that duty, proximate cause, and injury.Jones v. Newton, 454 So.2d 1345, 1348 (Ala. 1984). Restatement(Second) of Torts § 388 provides that part of the duty of one who supplies a chattel for another to use is reasonable care in informing the other party of the chattel's dangerous condition. The plaintiffs failed to state a claim for negligence under § 388. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.