586 So.2d 196 (1991)
DEERE & COMPANY and John Deere Company
v.
Ruth Annette GROSE, as administratrix of the Estate of Derwood M. Grose, deceased.
89-1576.
Supreme Court of Alabama.
August 23, 1991.
*197 Michael D. Knight of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellants.
Forrest S. Latta of Barker & Janecky, and Dennis J. Knizley and Arthur T. Powell III of Knizley & Powell, P.C., Mobile, for appellee.
KENNEDY, Justice.
Ruth Annette Grose, as administratrix of the estate of her husband, Derwood M. Grose, filed an action against John Deere Company and Deere & Company (we refer to both of those defendants as "Deere") and Foley Implement Company ("Foley"). Derwood Grose died when his Deere Model 820 tractor, which he was operating on the bank of his fish pond, turned over sideways 180 degrees and landed on him. Pursuant to the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), Ms. Grose alleged, among other claims, that the tractor was not crashworthy and thus was designed defectively because of Deere's failure to provide as standard equipment a roll-over protective structure ("ROPS") for the tractor; she also alleged that Deere had wantonly or negligently failed to warn adequately of the dangers associated with the use of the tractor. She alleged various claims against Foley, which had sold Mr. Grose the tractor.
At the end of Ms. Grose's case, Deere moved for a directed verdict; the trial court granted that motion as to Ms. Grose's wantonness claims but denied it as to the other claims. Deere and Foley moved for a directed verdict at the close of all the evidence. The trial court submitted Ms. Grose's AEMLD claim and her negligent-failure-to-warn-adequately claim to the jury. The jury returned a verdict for Foley and entered a $500,000 general verdict against Deere. Deere moved for a judgment notwithstanding the verdict or, alternatively, for a new trial, which the trial court denied.
*198 We first address Ms. Grose's negligent-failure-to-warn-adequately claim. The necessary elements for recovery under a negligence theory are duty, breach of that duty, proximate causation, and injury/damage. Rutley v. Country Skillet Poultry Co., 549 So.2d 82, 85 (Ala.1989). Accordingly, Ms. Grose must prove that Deere failed to warn adequately of the dangers associated with the use of the tractor and that its failure to do so proximately caused the injury of which she complains. Specifically, as concerns proximate cause, a negligent-failure-to-warn-adequately case should not be submitted to the jury unless there is substantial evidence that an adequate warning would have been read and heeded and would have prevented the accident. Gurley v. American Honda Motor Co., 505 So.2d 358, 361 (Ala.1987); E.R. Squibb & Sons, Inc. v. Cox, 477 So.2d 963, 970-71 (Ala.1985).
We have carefully reviewed the record of the evidence produced by Ms. Grose. She produced no evidence at all that an "adequate" warning would have been read and heeded and would have prevented the accident. Gurley; E.R. Squibb & Sons.
At most, Ms. Grose testified that Mr. Grose was not familiar with tractors and was not experienced with farm machinery or farming. An expert for Ms. Grose testified that the warning provided by Deere in the owner's manual was inadequate; the expert said:
"[It] doesn't identify the level of risk, doesn't identify the hazard, doesn't give the consequences of not following these instructions, doesn't give any indication of how many times in the past the accident has occurred. It is a statement in a manual."
Although the evidence presented by Ms. Grose and the expert may have established a duty and a breach of that duty, it fails even to address proximate cause, much less prove it by substantial evidence. Gurley; E.R. Squibb & Sons.
Deere's motion for directed verdict made at the close of Ms. Grose's case challenged her prima facie case of negligent-failure-to-warn-adequately. Because Ms. Grose failed to produce substantial evidence of proximate cause in her negligent-failure-to-warn-adequately claim, the trial court erred when it denied Deere's motion for a directed verdict on that claim at the end of Ms. Grose's case.
In order for Ms. Grose to prevail on her AEMLD claim, she must prove, among other things, that she "suffered injury or damages ... [caused] by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer." Caterpillar Tractor Co. v. Ford, 406 So.2d 854, 855 (Ala.1981); Casrell v. Altec Industries, Inc., 335 So.2d 128 (Ala.1976). The term "defective" means that the product fails to meet the reasonable safety expectations of an "ordinary consumer," that is, an objective "ordinary consumer," possessed of the ordinary knowledge common to the community. Ex parte Morrison's Cafeteria of Montgomery, Inc., 431 So.2d 975, 978 (Ala. 1983); Casrell, at 133.
The evidence indicates that Mr. Grose was the third owner of the tractor, which was manufactured in 1972 and sold in 1973. Deere presents no defense concerning alteration of the tractor.
The evidence is undisputed that when the tractor was manufactured, Deere had considerable information concerning the likelihood that tractors of this model would turn over and the frequency of such accidents, that Deere was aware that the absence of a roll bar created an enhanced chance of serious injury or death in the event of a roll-over, that roll bars were technologically feasible when this tractor was manufactured, and that Deere had actually developed a roll bar for the Model 820 tractor in 1967 and sold that roll bar as an option instead of as a standard feature. Deere itself, as well as Ms. Grose, presented evidence indicating all of the above, and it also produced additional evidence from which it asks us to make several rulings as a matter of law, which would have the effect of preventing Ms. Grose's AEMLD claim from being submitted to the jury.
*199 First, Deere argues that, as a matter of law, the tractor, when it was sold with a ROPS as optional equipment, met the reasonable expectations concerning crashworthiness of an ordinary consumer who purchased the tractor with ordinary knowledge common to the community. Although some of the testimony Deere presented concerning the reasonable expectations of consumers in the community addressed such expectations at the time of the trial and was therefore inapposite, Deere also presented some evidence that the tractor met the reasonable expectations of ordinary consumers in 1972. Nevertheless, considering the evidence detailed above, in addition to Deere's testimony concerning reasonable expectations, we can not hold as a matter of law that the tractor met the reasonable expectations of the ordinary consumer possessed of the ordinary knowledge common to the community. Morrison's, at 978. That issue was due to be submitted to the jury, and the trial court did not err in so submitting it.
Deere argues that even if the tractor was unreasonably dangerous, the danger was obviated by adequate warning. Casrell, at 133. Deere presented evidence that the tractor's owner's manual contained this statement: "Do not operate without a roll guard"; that the salesman who sold Mr. Grose the tractor mentioned to Mr. Grose that a roll guard could save him if the tractor turned over and that Mr. Grose "seemed to understand what the system was for"; that community knowledge was that tractors would turn over if operated under certain conditions; and that Carl Ellison, a neighbor, who although he had not seen the bank of the fish pond had heard Mr. Grose describe it, told Mr. Grose that if he operated the tractor on the side or on the top of the fish pond's bank, the tractor would turn over and kill him.
On the other hand Ms. Grose presented evidence that indicated that Mr. Grose was not experienced with farm machinery. Ellison testified that Mr. Grose regarded the tractor as a "play-pretty" and that Mr. Grose "just didn't know what that thing would do to him."
The evidence does not support a holding that as a matter of law the alleged danger was obviated by the warning. The trial court did not err by submitting that issue to the jury.
In the process of making a third argument for reversal on the AEMLD claim, Deere argues that the following holding in Caterpillar Tractor Co. v. Ford, is inapplicable in this case:
"Caterpillar argues that is unjust to hold it responsible for not installing the ROPS when they were offered as optional equipment. We cannot agree. If the tractor was defective in the condition in which it was sold, liability for resulting injury cannot be escaped by showing that the customer could have but did not buy an item which would have removed the defect."
406 So.2d at 854. We do not determine whether that holding is distinguishable, because whether the holding is apposite has no effect on our resolution of Deere's argument.
Deere cites Nettles v. Electrolux Motor AB, 784 F.2d 1574 (11th Cir.1986), which states:
"The manufacturer in Caterpillar v. Ford, was subjected to liability because he failed to equip his product with a practical safety device.... The District Court noted that in some instances it is impractical for a manufacturer to incorporate the ultimate in safety devices and in those situations, a manufacturer cannot be held liable."
784 F.2d at 1580. We do not determine whether we agree with that statement. We note that the trial court allowed Deere to present to the jury evidence that it failed to install the ROPS as standard equipment because it was impractical to do so. Whether the trial court's admission of that evidence was proper is not an issue before us. To prove that it was impractical to install the ROPS as standard equipment, Deere presented evidence that customers were hesitant to buy tractors that were ROPS-equipped; that the ROPS got in the way of a person plowing in an orchard (Mr. Grose was not plowing in an orchard); and *200 that on a tractor equipped with a ROPS it was harder to change implements attached to the tractor than on a tractor not so equipped. The jury was allowed to consider that evidence, and, because of the general verdict, we cannot determine what the jury factually determined based on that evidence. However, the evidence will not support a holding that as a matter of law the installation of a ROPS was so impractical that the tractor cannot be considered defective.
Deere failed to prove that the trial court erred in submitting Ms. Grose's AEMLD claim to the jury; however, Deere proved that at the end of Ms. Grose's case it was entitled to a directed verdict on her claim of negligent failure to warn adequately. The jury returned a general verdict. In South Central Bell Tel. Co. v. Branum, 568 So.2d 795 (Ala.1990), we addressed the effect of a general verdict when a case contains a "good" count (i.e., one properly submitted to the jury) and a "bad" count (i.e., one improperly submitted to the jury). In that case, we held that if a good count and a bad count go to the jury and the jury returns a general verdict, this Court cannot presume that the verdict was returned on the good count. 568 So.2d at 798. Accordingly, the judgment is due to be reversed and the cause remanded for a new trial on Ms. Grose's AEMLD claim. South Central Bell Tel. Co. v. Branum; Aspinwall v. Gowens, 405 So.2d 134 (Ala. 1981).
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
MADDOX and ALMON, JJ., concur in part and dissent in part.
MADDOX, Justice (concurring in part and dissenting in part).
I concur in that portion of the opinion that holds that "if a good count and a bad count go to the jury and the jury returns a general verdict, this Court cannot presume that the verdict was returned on the good count."
I cannot agree, however, that the plaintiff is entitled to a new trial on the AEMLD claim, and I cite the reader to my dissent in Caterpillar Tractor Co. v. Ford, 406 So.2d 854 (Ala.1981) (a 5-4 decision of this Court). This case is relied on heavily by the majority to support its decision. I still think that Caterpillar was incorrectly decided.
ALMON, J., concurs.