Home Indemnity Company ("Home") insured Michael and Connie Hicklin's house against fire loss. After the Hicklins' house was destroyed by fire, Home paid them pursuant to the terms of their policy. Home then sued, among others, Clarke Industries, Inc. ("Clarke"), asserting claims based on negligent failure to warn, breach of warranty, and violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). The case was ultimately submitted to a jury on both the negligent failure to adequately warn claim and the AEMLD claim. The jury returned a general verdict in favor of Home and awarded damages in the amount of $100,000. Judgment was then entered in accordance with the verdict.
Subsequently, the trial court denied Clarke's motion for a judgment notwithstanding the verdict, as well as its motion for a new trial. The trial court also entered a judgment for Home in the amount of $18,591.48 in prejudgment interest.
Clarke then filed its notice of appeal, basically contending that the trial court erred in failing to grant its motion for *Page 460 
directed verdict or j.n.o.v. because, Clarke says, Home failed to introduce substantial evidence to prove the elements of its AEMLD claim or its negligent-failure-to-warn claim.
The record, in pertinent part, shows as follows: Mr. Hicklin rented a model DU-8 floor sander manufactured by Clarke from Mullins Five Points Rental ("Mullins") to refinish the wood floors in his house. The only documents Mullins gave Mr. Hicklin when he rented the sander were a "do-it-yourself" pamphlet and the rental agreement. The pamphlet contained no warnings concerning the possibility of spontaneous combustion of the dust collection bag.
Mr. Hicklin and his father-in-law sanded the entire den area and part of the living room. After approximately 45 minutes of sanding, the men stopped working for the night. Mr. Hicklin checked the contents of the dust collection bag and found it to be about one-third full. He did not empty the bag. Later that night, a fire destroyed the Hicklins' home. A fire investigator for Investigations Bureau, Incorporated, opined that the fire resulted from spontaneous combustion of the contents of the dust collection bag on the sander.
The sander in question was manufactured by Clarke in 1959 and was sold to Mullins in 1975 by Clarke. The dust collection bags manufactured by Clarke for use with its sanders contained a fire hazard insignia, which stated:
 "WARNING: Fire hazard. Fine dust can explode and cause severe burns. Empty and clean dust bag after each use. Do not empty dust bag into a fire or furnace."
However, the dust collection bag that was on the machine rented to Mr. Hicklin was not a Clarke bag. Rather, it was another brand that, according to Mr. Hicklin, contained no warnings. There was testimony that Clarke was aware that the bags that came with the sander would routinely wear out or sustain damage and that replacement bags would be required. Further, there was testimony that Clarke was aware that rental companies did not use Clarke bags because they were too expensive.
The sanding machine in question had no warning of fire hazards or of the potential for spontaneous combustion on the machine itself. It did have a placard affixed to the sander, but it only contained instructional information, which stated, among other things, "Always Empty Dust Bag When Half Full." Further, although some literature was provided to Mr. Hicklin, the literature contained no warnings. Further, Clarke did not provide any warnings of the possibility of spontaneous combustion to Mullins, and Mullins did not provide any such warnings to Mr. Hicklin.
The record also reveals that Hicklin carefully examined the sander and read everything that was given to him and that he followed all of the instructions that he was provided with. Mr. Hicklin testified that, pursuant to those instructions, he unplugged the machine after using it; he rolled up the cord and placed it by the machine; and he carefully examined the machine before and while using it. There was no evidence that Mr. Hicklin disregarded any of the information that he was provided with.
Dr. V. Morfopoulos, a safety engineer, testified as to the necessity for manufacturers to warn of the hazards of spontaneous combustion of sander dust. Further, he testified that manufacturers have known for more than 50 years of the danger and the need to warn users concerning the hazards associated with spontaneous combustion or ignition of dust in sander bags. He stated that, in his opinion, providing literature with warnings at the time of sale was not sufficient and that the warnings must be on the machine. He further stated that, in his opinion, warnings on sander bags were likewise not sufficient.
As noted above, Clarke contends that Home failed to prove all of the elements required to sustain an AEMLD action and a negligence action. Specifically, Clarke contends that there was not substantial evidence (1) that the alleged failure to adequately warn proximately caused the fire *Page 461 
and the resulting damage, (2) that the product was in substantially the same condition at the time of the accident as it was when it was sold, and (3) that Clarke failed to give reasonable warnings regarding the hazards incident to the use of its product.
Under both the AEMLD and the negligence theories, Home has the burden of proving proximate causation. In order to establish liability under the AEMLD, a plaintiff must show the following:
 " '(1) he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
 " '(a) the seller is engaged in the business of selling such a product, and
 " '(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.' "
Purvis v. PPG Industries, Inc., 502 So.2d 714, 718 (Ala. 1987), quoting Caterpillar Tractor Co. v. Ford, 406 So.2d 854,855 (Ala. 1981).
As concerns liability pursuant to a breach of a duty to warn, § 388 of the Restatement (Second) of Torts (1965) provides:
 "One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
 "(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
 "(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
 "(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous."
Purvis, supra, at 719.
 Alleged failure to adequately warn
Clarke contends that Home failed to prove that Mr. Hicklin would have observed, read, and heeded any warning placed on the sander itself and cites Squibb Sons, Inc. v. Cox,477 So.2d 963 (Ala. 1985), in support of its argument.
However, the facts in Squibb can be distinguished from the instant case. In Squibb, the evidence was undisputed that the plaintiff did not read any of the instructions or warnings Squibb provided with its product. There, we held that "a plaintiff who does not read an allegedly inadequate warning cannot maintain a negligent-failure-to-adequately-warn action unless the nature of the alleged inadequacy is such that it prevents him from reading it." Squibb, at 971. We found, there, that "the presumed inadequacy of Squibb's warning did not proximately cause plaintiff's injury." Squibb, at 971.
In the present case, Mr. Hicklin testified that he read the "do-it-yourself" sanding guide, reviewed the information on the invoice given to him by Mullins, and looked over the writing on the sander. Further, Mr. Hicklin testified that he followed each of the instructions in the "do-it-yourself" guide. Pursuant to those instructions, he inspected the entire area to be sanded for nail heads and determined that there were no nail heads to be countersunk; he sanded around the edges of the walls as instructed; and after he had finished sanding for the day, he unplugged the sander and coiled up the cord. He also testified that he sanded the floor in accordance with all instructions given him. However, there is no evidence that Mr. Hicklin was ever warned of the possibility of spontaneous combustion of the dust in the dust collection bag. It is undisputed that there was no such warning on the machine itself. In view of the above, we find that there was substantial evidence that, had there been a warning concerning the possibility of spontaneous combustion, Mr. Hicklin would *Page 462 
have read it and heeded the warning. Therefore, we find that Clarke was not entitled to a directed verdict or a j.n.o.v.
 No substantial change in condition of machine
Clarke contends that Home failed to prove that the sander reached Mr. Hicklin without substantial change in the condition in which it was sold.
An essential element of an AEMLD claim is proof that the product reached the consumer without substantial change in the condition in which it was sold. Caterpillar Tractor Co. v.Ford, 406 So.2d 854 (Ala. 1981).
Here, it is undisputed that the sander in question did not contain a Clarke dust collection bag at the time that Mr. Hicklin rented it. It is also undisputed that a Clarke bag would have contained a warning concerning the possibility of spontaneous combustion. However, this fact, in and of it itself, does not necessarily indicate a substantial change in the condition of the machine. Clarke knew that the bags would wear out and need to be replaced, possibly more often than once a year. Further, Clarke knew that most rental dealers did not use Clarke bags because they were more expensive than other bags. Therefore, we conclude that the use of a different bag on the machine does not constitute a change in the condition of the machine. We further point out that a manufacturer remains liable if an alteration or change is foreseeable. Beloit Corp.v. Harrell, 339 So.2d 992 (Ala. 1976). Clearly, the need for a new dust collection bag on a sander and the possibility that one made by another manufacturer would be used would be foreseeable.
 Failure to give reasonable warnings
Clarke contends that its warnings and the methods it used to convey those warnings were reasonable.
After a review of the record, we find that there was substantial evidence that Clarke's warnings were not reasonable. There was testimony from a safety engineer that the risk of spontaneous combustion of dust in sander bags has been known within the engineering and safety community for over 50 years. This expert further testified that a warning of the risk of spontaneous combustion can be and should be affixed to the machine itself. He also testified that it is totally unreasonable to expect any literature containing such a warning to "follow the machine" and that proper engineering design requires that a permanent label or tag be affixed to the machine.
In view of the dangerous propensities of the sander, the seriousness of the potential hazard to life and property, the standards for warning within the industry, and the methods available to Clarke to communicate such a warning, we find that there was substantial evidence that Clarke failed to take reasonable steps to provide an adequate warning.
Certainly, Home submitted at least substantial evidence on all of the elements of both the negligent-failure-to-warn claim and the AEMLD claim against Clarke. Therefore, the trial court was correct in denying Clarke's motion for a j.n.o.v.
The trial court's judgment in this case is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.