**OWENS–CORNING FIBERGLAS CORPORATION, Appellant,**

**v.**

**George Warren KEETON, Alton Lenoah Ryals, Otis Cox, and Herman Daniel Worsham, Appellees.**

**No. 03–94–00055–CV.**

Court of Appeals of Texas, Austin.

May 8, 1996.

Rehearing Overruled June 19, 1996.

N. Terry Adams, Jr., Gilpin, Paxson & Bersch, L.L.P., Houston, for appellant.

Janice Robinson, Baron & Budd, P.C., Dallas, for appellees.

Before POWERS, ABOUSSIE and KIDD, JJ.

POWERS, Justice.

Owens–Corning Fiberglas Corporation ("Owens–Corning") appeals from a judgment for compensatory damages recovered by appellees after a jury trial. We will affirm the trial-court judgment.

## THE CONTROVERSY

The appeal involves four claims of personal injury and three claims of loss of consortium resulting from unrelated incidents of exposure to "Kaylo," an asbestos-containing insulation product. Owens–Corning distributed Kaylo beginning in 1953 and manufactured the product between 1958 and 1972. The cause was tried under the substantive law of Alabama, the state in which the asbestos exposures occurred. *See* Tex.Civ.Prac. & Rem.Code Ann. § 71.031 (West 1986). The jury awarded plaintiffs a total of $306,000 in compensatory damages. In six points of error, Owens–Corning challenges as reversible error the admission of certain documents in evidence and the omission of certain issues from the jury charge.

## ADMISSION OF EVIDENCE

In point of error one, Owens–Corning contends the trial court erred in admitting nineteen sets of documents over the company's objections that the documents were irrelevant to the plaintiffs' claims under the Alabama Extended Manufacturer's Liability Doctrine [1] ("AEMLD") and were unfairly prejudicial. The documents consist of correspondence authored and received by other non-party manufacturers of asbestos products between the 1930s and early 1950s. Appellees offered these documents to show that, because industry leaders in asbestos production were aware of the hazardous nature of asbestos, as early as 1935, Owens–Corning also *should have known* of the dangers associated with its products.[2]

Evidence admitted without limitation is before the court for all purposes. *See Cigna Ins. Co. v. Evans,* 847 S.W.2d 417, 421 (Tex.App.—Texarkana 1993, no writ); 35 Tex.Jur.3d *Evidence* § 14 (1984). The company did not request a trial-court instruction limiting the evidence to the purpose of showing liability under the AEMLD. By its failure to request such a limiting instruction, Owens–Corning has waived any complaint that the documents were irrelevant to the AEMLD. *See* Tex.R.Civ.Evid. 105(a); *Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 365 (Tex.1987). We therefore need decide only whether the documents were properly admitted as relevant to any material issue before the trial court. *See* Tex.R.Civ.Evid. 401.

---

**1.** The AEMLD is a limited form of strict products liability law adopted by the Alabama Supreme Court in *Casrell v. Altec Industries,* 335 So.2d 128, 132–33 (Ala.1976), and *Atkins v. American Motors Corporation,* 335 So.2d 134, 141 (Ala. 1976).

**2.** The documents include: (1) correspondence in the 1940s between Owens–Illinois Glass Co., the original owner of Owens–Corning's Kaylo plant, and Saranac Laboratory whose scientific tests indicated that Kaylo dust was capable of producing asbestosis and therefore every precaution should be taken in the handling of this industrial hazard; (2) correspondence of National Gypsum in the 1950s discussing the necessity of respirators and ventilation devices to avoid health hazards posed to workers in its "Thermacoustic" (asbestos-manufacturing) projects; (3) correspondence of Johns–Manville Corporation in the 1930s discussing the need to minimize publicity about asbestos; and (4) a letter sent to U.S. Gypsum in 1950 by the son of a former employee suggesting that his father died as a result of working in its asbestos plant; also enclosed was his father's death certificate which listed "asbestosis" as the cause of death.

At trial, appellees sought recovery under the theory of negligent failure to warn, in addition to the AEMLD. Under Alabama law, when a defendant knows or has reason to know that a product is dangerous, when used in its customary manner, the defendant must exercise reasonable diligence to make the danger known to persons likely to be injured by the product. *See Clarke Indus. v. Home Indem. Co.,* 591 So.2d 458, 461 (Ala. 1991); *see also King v. S.R. Smith, Inc.,* 578 So.2d 1285, 1287 (Ala.1991). Evidence of what Owens–Corning knew or should have known about the danger of asbestos at the time the exposures occurred was therefore relevant to a determination of whether the company negligently failed to warn users of the danger. The disputed documents show that the risks associated with asbestos were not only scientifically discoverable but also had been identified with certainty by other asbestos producers long before Owens–Corning was in the business of manufacturing Kaylo. We hold the documents were not erroneously admitted in evidence. *See Clarke,* 591 So.2d at 462.

Nor do we believe any danger of unfair prejudice to Owens–Corning outweighs the overall probative value of these documents. *See* Tex.R.Civ.Evid. 403. The correspondence showed that asbestos was known in the industry to be a health hazard, a fact highly probative to the issue of whether Owens–Corning negligently breached its duty to warn of the dangers associated with its product. While portions of the Johns–Manville correspondence suggesting a cover-up and the death certificate of a former U.S. Gypsum employee stating "asbestosis" as the cause of death arguably may have influenced the jurors' emotions, any unfair prejudice resulting from the admission of these documents is too slight, in light of their highly probative nature on an essential element of the actions, to warrant exclusion. *See Fibreboard Corp. v. Pool,* 813 S.W.2d 658, 669 (Tex.App.—Texarkana 1991, writ denied), *cert. denied,* 508 U.S. 909, 923, 113 S.Ct. 2339, 3037, 124 L.Ed.2d 250, 125 L.Ed.2d 724 (1993). We overrule point of error one.

In point of error two Owens–Corning contends the trial court erred in admitting the Owens–Illinois Glass documents, *see supra* note 2, without the requested limiting instruction applied to the other ten sets of correspondence. The instruction would have limited consideration of the documents to showing what was known in the industry about the dangers of asbestos rather than as proof of what Owens–Corning actually knew. The trial court apparently overruled Owens–Corning's request for the limiting instruction and conditionally admitted the documents based on appellees' claims that they intended to produce evidence that Owens–Corning actually received the reports from Saranac Laboratory contained in the Owens–Illinois Glass correspondence. At the close of the plaintiffs' evidence, Owens–Corning made a motion for mistrial on the ground that the appellees failed to produce, as promised, the testimony of an Owens–Corning executive as to the actual receipt of the Saranac reports. In point of error three Owens–Corning claims the trial court erred in overruling its motion.

When the relevance, and therefore the admissibility, of certain evidence depends on a particular fact or condition, the evidence may be admitted subject to the fulfillment of the condition. *See* Tex.R.Civ.Evid. 104(b). If the condition is not fulfilled by the close of the proponent's case, the burden is on the opposing party to renew his original objection by moving to strike the evidence; otherwise the party waives any error resulting from the conditional admission of the evidence. *See* Tex.R.App.P. 52(a); 1 Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, *Guide to the Texas Rules of Evidence: Civil and Criminal* § 104.2 (Texas Practice 2d ed. 1993).

At the close of appellees' case, Owens–Corning should have moved to strike the Owens–Illinois Glass documents on the ground that proof of Owens–Corning's receipt of the Saranac documents had not been made, or, at least, the company should have urged again its request for the limiting instruction that the documents not be considered as evidence of the company's actual knowledge. Such a motion or request would have given the trial court an opportunity to cure the alleged error in admission of the

documents. By moving instead for a mistrial, Owens–Corning has failed to preserve error for our review. *See State Bar v. Evans*, 774 S.W.2d 656, 658 n. 6 (Tex.1989); *Port Distrib. v. Fritz Chem. Co.*, 775 S.W.2d 669, 671 (Tex.App.—Dallas 1989, writ dism'd by agr.). We therefore overrule points of error two and three.

## JURY CHARGE

■ In point of error four, Owens–Corning contends the trial court erred in failing to submit a contributory-negligence issue to the jury because, under Alabama law, there was some evidence to support the submission. Appellees rejoin that Owens–Corning failed to preserve error because its requested instruction on contributory negligence did not limit the issue of appellees' contributory negligence to the use of its product. We disagree. A limiting instruction is not required when the only negligence alleged is negligence with regard to the product. *See Williams v. Delta Int'l Mach. Corp.*, 619 So.2d 1330, 1332–33 (Ala.1993); *cf. Dennis v. American Honda Motor Co.*, 585 So.2d 1336, 1342 (Ala.1991).

■ Nevertheless, we conclude that Owens–Corning failed to preserve error because its requested broad-form question regarding appellees' alleged negligence was not accompanied by instructions that defined the elements of contributory negligence. Under Alabama law, contributory negligence, or a failure to use reasonable care with regard to a product, is a complete bar to recovery. To establish contributory negligence, the defendant must prove the following: (1) the plaintiff put himself in danger's way; (2) the plaintiff appreciated the danger confronted; and (3) the plaintiff's appreciation of the danger was a conscious appreciation at the moment the incident occurred. *Hicks v. Commercial Union Ins. Co.*, 652 So.2d 211, 219 (Ala.1994); *Alabama Power Co. v. Mosley*, 294 Ala. 394, 318 So.2d 260, 263 (1975).

The question that Owens–Corning submitted asked merely, "Did the negligence, if any, of those plaintiffs listed below proximately cause their own injury or injuries?" The question itself does not suggest the elements necessary to support a finding of contributory negligence, and Owens–Corning failed to submit any requested instructions that would supply those elements. By failing to submit appropriate instructions with its broad-form question, Owens–Corning has not preserved error for our review. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 268 (Tex.1992) (Hecht, J., concurring).

■ However, even if Owens–Corning had not waived error, we would overrule its complaint. Under Alabama law, a defendant who claims contributory negligence must prove that the plaintiff consciously appreciated the danger confronted. *Hicks*, 652 So.2d at 219. Evidence of mere heedlessness is insufficient. *Id.; Caterpillar Tractor Co. v. Ford*, 406 So.2d 854, 857 (Ala.1981); *see also Baptist Medical Ctr. v. Byars*, 289 Ala. 713, 271 So.2d 847, 849 (1972). In addition, knowledge of the physical condition from which harm arose is not enough to show contributory negligence. *See, e.g., Byars*, 271 So.2d at 850 (knowing floor was slippery does not necessarily mean plaintiff appreciated danger under surrounding conditions); *see also Herston v. Whitesell*, 374 So.2d 267, 270 (Ala.1979); *United States Fidelity & Guar. Co. v. Jones*, 356 So.2d 596, 598 (Ala. 1977).

There is no evidence that appellees were consciously aware of the risk of potential harm from breathing asbestos dust. Although they were aware that the air about them was dusty and could cause temporary discomfort, there is no showing they knew that inhalation of asbestos dust could cause cancer, asbestosis, or other asbestos-related diseases.

Further, the evidence indicates that appellees could not have discovered the risk of these health hazards. Keeton and Ryals were exposed to asbestos beginning in the 1940s, and Cox and Worsham beginning in the 1950s. Owens–Corning did not place a label on its product until 1966. Even then, the small label, which was obscured when the box was opened, stated merely that the box contained asbestos and that the user should avoid breathing the dust; it did not contain words of a meaning akin to "caution," "hazardous," "asbestosis," "cancer," or "mesothe-

lioma." In 1972, the Occupational Safety and Health Administration began requiring employers to post warning signs about the dangers of asbestos. However, there is no evidence that Keeton, Worsham, or Ryals saw such warnings. Each testified that he would have taken affirmative steps to reduce or prevent exposure had he known of the danger he faced.[3] We hold the court did not err in refusing to submit an issue that had no evidence to support it. *See Hill v. Winn Dixie Tex., Inc.,* 849 S.W.2d 802, 803 (Tex. 1993); *Brown v. Goldstein,* 685 S.W.2d 640, 642–43 (Tex.1985). We overrule point of error four.

In points of error five and six, Owens–Corning contends the trial court erred in refusing to submit to the jury a proposed question concerning Keeton's, Worsham's, and Cox's status as "users" or "consumers" of Kaylo under Alabama law.[4] We rejected the argument in *Owens–Corning v. Wasiak,* 917 S.W.2d 883, 892–93 (Tex.App.—Austin 1996, no writ h.); we reject it here as well.

First, under Alabama law, "users" include those who were exposed to a product. *Casrell v. Altec Indus.,* 335 So.2d 128, 133 (Ala.1976). The plaintiffs were indisputably exposed to Kaylo. Moreover, the issue of plaintiff's status as users or consumers was implicitly submitted as part of another question, which asked: "Did any of the Plaintiffs sustain an asbestos-related injury following exposure to an asbestos-containing product sold and/or marketed and/or manufactured by Defendants OWENS–CORNING FIBERGLASS CORPORATION or SEPCO CORPORATION?" The jury's positive answer to the question implicitly required it to find that the plaintiffs were exposed to Owens–Corning's product. We overrule points of error five and six.

We affirm the trial-court judgment.

---

3. No questions were asked of Cox regarding either his knowledge of the potential danger of the dust or of his observations of warning signs.

4. Ryals worked directly with asbestos products and his status as a "user" or "consumer" is not challenged.