Jerry W. **GRIMES** and Mildred Grimes, Plaintiffs,

v.

**GENERAL MOTORS CORP.** and Grumman Olson Industries, Defendants.

No. Civ.A. 01–T–892–S.

United States District Court, M.D. Alabama, Southern Division.

May 24, 2002.

---

Larry Edwin Givens, Cochran, Cherry, Givens & Smith, Dothan, AL, for Plaintiffs.

William Bruce Alverson, Jr., Albrittons, Clifton, Alverson, Moody & Bowden, PC, Andalusia, AL, Craig P. Niedenthal, Cry, Watson, Crowder & DeGaris, Birmingham, AL, for Defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiffs Jerry W. Grimes and Mildred Grimes (citizens of Alabama) bring this lawsuit against defendants General Motors Corporation (GM) (a Delaware corporation with its principal place of business in Michigan) and Grumman Olson Industries, Inc. (which is not incorporated in Alabama and has its principal place of business in Michigan), charging that the defendants caused an accident in which Mr. Grimes lost control of his car and was ejected, suffering severe and permanent physical injuries. The Grimeses' complaint has three counts:

a negligent-recall claim, an Alabama Extended Manufacturer Liability Doctrine (AEMLD) claim, and a loss-of-consortium claim.[1] Jurisdiction is proper under 28 U.S.C.A. § 1332, because all defendants are completely diverse from all plaintiffs and the amount in controversy is over $ 75,000. GM has moved to dismiss the Grimeses' first amended complaint. For the reasons stated below, the court will deny the motion.

## I. MOTION–TO–DISMISS STANDARD

In considering a Rule 12(b)(6) dismissal motion, the court accepts the non-moving party's allegations as true, Fed.R.Civ.P. 12(b); *Andreu v. Sapp*, 919 F.2d 637, 639 (11th Cir.1990), and construes the complaint liberally in that party's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Therefore, this lawsuit may not be dismissed unless the Grimeses can prove no set of facts supporting the relief requested. *Id.* at 236, 94 S.Ct. at 1686; *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir.1993).

## II. BACKGROUND

About July 27, 1999, Mr. Grimes was driving a vehicle (manufactured and sold by Grumman and which contained parts made by GM) along Alabama State Highway 52 in Geneva County, Alabama. Suddenly and without warning, the left hand lower control arm broke, causing the lower ball joint to separate from the control arm. Grimes lost control of the vehicle, which left the roadway and struck several stationary objects.[2] At some point after losing control, Grimes was ejected from the vehicle, suffering severe and permanent physical injuries.[3]

The first count in the Grimeses' first amended three-count complaint alleges that "plaintiffs were damaged" as "a direct and proximate result" of the negligent failure of GM and Grumman Olson to carry out the recall of the defective part.[4] GM has moved to dismiss this count.[5] The basis of GM's motion is that, because negligence is subsumed under the AEMLD, the negligent-recall claim does not state a claim upon which relief could be granted.[6]

## III. ANALYSIS

As previously explained by this court in *American States Ins. Co. v. Lanier Business Products*, 707 F.Supp. 494, 495–96 (M.D.Ala.1989) (Thompson, J.), the Alabama Supreme Court first announced the adoption of the AEMLD in *Casrell v. Altec Industries, Inc.*, 335 So.2d 128 (Ala.1976), and *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala.1976). Under this doctrine, "a manufacturer, supplier, or seller who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, is negligent as a matter of law." *Lanier Business Products*, 707 F.Supp. at 495; *see also Entrekin v. Atlantic Richfield Co.*, 519 So.2d 447, 449 (Ala.1987).

---

1. The court was confused as to whether the Grimeses intended to supplant entirely their original complaint with their first amended complaint, which only pled a negligent-recall claim. The Grimeses have orally informed the court that they did not intend this result, and that the AEMLD and loss-of-consortium claims contained in the original complaint remain part of their lawsuit.

2. Complaint, filed July 19, 2001 (Doc. no. 1), at 2–3.

3. *Id.*

4. First amended complaint, filed October 5, 2001 (Doc. no. 23), at 2.

5. GM's motion to dismiss the Grimeses' amended complaint, filed October 19, 2001 (Doc. no. 26).

6. *Id.* at 1–3.

To establish liability under the AEMLD, a plaintiff must prove:

"(1) he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold."

*Casrell,* 335 So.2d at 132–33; *Atkins,* 335 So.2d at 141.

While the AEMLD has much in common with the doctrine of strict liability in tort found in § 402A of the Restatement (Second) of Torts (1965), it is more accurately described as a hybrid of strict liability and traditional negligence concepts. *Casrell,* 335 So.2d at 132; *Atkins,* 335 So.2d at 139. On the one hand, the AEMLD is akin to strict liability because selling an unreasonably dangerous product—that is, a defective product—is deemed to be negligent as a matter of law: "liability ... attaches solely because the defendant has exposed expected users of a product not reasonably safe to unreasonable risks." *Atkins,* 335 So.2d at 141. On the other hand, in contrast to the purely "no-fault" version of strict liability found in the Restatement, the AEMLD retains various affirmative defenses, including contributory negligence, assumption of the risk, and, under certain circumstances, the lack of a causal relation. *Casrell,* 335 So.2d at 134; *Atkins,* 335 So.2d at 143.

In Alabama, it appears that, as a general proposition, negligence claims are subsumed by, or merged with, the AEMLD when the factual basis for the charge of negligence is that the defendant sent a defective product into the stream of commerce. *See Veal v. Teleflex, Inc.,* 586 So.2d 188, 190–91 (Ala.1991). "The grava-men of the [AEMLD] action is that the defendant manufactured or designed or sold a defective product which, because of its unreasonably unsafe condition, injured the plaintiff or damaged his property when such product, substantially unaltered, was put to its intended use." *Atkins,* 335 So.2d at 134; *see also Veal,* 586 So.2d at 190–91 (claim that product was unreasonably dangerous for its intended use was a claim under the AEMLD and did not state separate negligence claim). The question for this court is thus whether the negligent-recall claim made by the Grimeses is the kind of negligence claim that merges into the AEMLD.

In addition, the parties here have pointed to case law outside Alabama that suggests that a negligent-recall claim can be equivalent to a negligent-failure-to-warn claim. In *Avery v. Mapco Gas Products, Inc.,* 18 F.3d 448 (7th Cir.1994), the Seventh Circuit Court of Appeals affirmed the district court's grant of summary judgment in favor of the defendant, the manufacturer of an allegedly defective part. One of the bases for the appeal was that the defendant allegedly "failed to conduct a more effective recall campaign." 18 F.3d at 454. The plaintiffs claimed a "negligent recall" cause of action, although they cited no authority that such a cause exists in any court. *Id.* The plaintiffs argued that the defendant had an independent duty, once it had voluntarily initiated its valve recall, to conduct the recall effort in a reasonable manner. *Id.* The appellate court held, however, that "At bottom ... we perceive the negligent recall claim to be nothing more than a re-named failure to warn claim." *Id. Avery* supports the proposition that the Grimeses' negligent-recall claim is separate from their AEMLD claim, provided that, in Alabama, a negligent-failure-to-warn claim can be pursued in addition to an AEMLD claim.

Numerous Alabama cases suggest that negligent-failure-to-warn claims do *not* merge into AEMLD claims. *See Tillman v. Reynolds Tobacco Co.*, 89 F.Supp.2d 1297, 1299–1300 (S.D.Ala.2000) (Hand, J.) (listing cases); *see also Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir.2001) (certifying question to the Alabama Supreme Court).

For instance, in *Sears, Roebuck and Co. v. Harris*, 630 So.2d 1018 (Ala.1993), a post-*Veal* case, the court engages in a long discussion of the AEMLD cause of action, then a long discussion of the negligent-failure-to-warn claim, but does *not* consider merging the two claims. *See also Gurley v. American Honda Motor Co., Inc.*, 505 So.2d 358 (Ala.1987) (treating negligent failure to warn as a cause of action and discussing the legal requirements of this cause of action).

In *Yarbrough v. Sears, Roebuck, and Co.*, 628 So.2d 478 (Ala.1993), the court considered a claim against the manufacturer and retailer of a gas heater. The court upheld summary judgment against the plaintiffs on the AEMLD claim. The court then went on to analyze a claim for failure to warn. *Yarbrough*, 628 So.2d at 482. The "Yarbrough's support their claims of negligent and wanton design *and failure to warn* by the same evidence used to support their AEMLD claim." *Id.* (emphasis added).

In *Deere & Co. v. Grose*, 586 So.2d 196 (Ala.1991), the court reversed and remanded a jury decision finding the defendant liable. The basis for reversal was that the defendant was entitled to a directed verdict on the negligent-failure-to-warn claim, but *not* on the AEMLD claim. *Id.* at 200. There was thus one "good" count and one "bad" count, but the jury had delivered a general verdict. *Id.* Crucially, the court treated the failure-to-warn claim as a separate cause of action.

In *Clarke Indus., Inc. v. Home Indemnity Co.*, 591 So.2d 458 (Ala.1991), the court affirmed both an AEMLD claim and a failure-to-give-reasonable-warning claim but treated them separately: "Certainly, Home submitted at least substantial evidence on all the elements of *both* the negligent-failure-to-warn claim *and* the AEMLD claim against Clarke." *Id.* at 462 (emphasis added). In *Rutledge v. Arrow Aluminum Industries, Inc.*, 733 So.2d 412, 417 (Ala.1998), the court considered AEMLD and failure-to-warn causes of action separately, and allowed summary judgment to be granted against one defendant on the negligent-warning claim. And in *Ford Motor Co. v. Burdeshaw*, 661 So.2d 236 (Ala.Civ.App. 1995), the court considered a negligence charge against a truck manufacturer. The plaintiffs dropped their AEMLD claim, and the court upheld a jury verdict in favor of plaintiff based a pure negligence theory, including a failure to warn.

Alabama cases, therefore, seem to support two contrary conclusions: under *Veal*, negligence claims merge with the AEMLD, while another line of cases, discussed above, allows negligent-failure-to-warn claims to survive separately from the AEMLD. In *Spain v. Brown & Williamson Tobacco Corp.*, 230 F.3d 1300 (11th Cir.2000), the Eleventh Circuit Court of Appeals looked at this issue. While the court made a tentative determination, relying on *Veal*, that negligent-failure-to warn claims merge with the AEMLD, the court decided to certify the question to the Alabama Supreme Court. *Id.* at 1309–10. Given the number of Alabama Supreme Court cases that distinguish *Veal* and do not merge negligent failure-to-warn claims with the AEMLD; given the tentative nature of the *Spain* court's holding; and given the fact that the Alabama Supreme Court has not yet answered the questions certified to it by the *Spain* court, this court feels that the question of merger of

different types of negligence claims under the AEMLD has not been finally decided, either by the Eleventh Circuit or the Alabama Supreme Court.

But perhaps most importantly, an answer from the Alabama Supreme Court in *Spain* (which has a negligent-failure-to-warn claim before it) may not be dispositive of the negligent-recall claim at issue here. Negligent-recall claims come in different shapes and sizes, and, most significantly, they may arise at different times in relation to an AEMLD claim or other negligence claims. If an AEMLD claim and a negligent-recall claim arose at the same time and if, in *Spain*, the Alabama Supreme Court says that AEMLD claims and negligent-failure-to-warn claims merge, then it may be reasonable to conclude that such a recall-claim merged into the AEMLD claim. But for a negligent-recall claim that, as the Grimeses allege here, deals with the defendants' actions *after* the "manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling" of the product, and therefore after the activities covered by the AEMLD, the conclusion may need to be different. Therefore, absent an indication in the Alabama Supreme Court's answer in *Spain* that a negligence claim that arises after an AEMLD claim is still merged into AEMLD claims, this court concludes, for now, that a negligent-recall claim that occurred after a violation of the AEMLD is not covered by the AEMLD claim, and thus does not merge into the AEMLD claim.

For the reasons stated above, it is ORDERED that defendant General Motors Corporation's motion to dismiss, filed October 19, 2001 (Doc. no. 26), is denied.