USX CORPORATION, Relator,

v.

The Honorable David WEST, Judge of the 269th District Court of Harris County, Texas, Respondent.

No. 01–89–00613–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 14, 1989.

454

Frank G. Jones, Roger Townsend, John P. Bowman, Fulbright & Jaworski, Houston, for relator.

Tom Alexander, Alexander & McEvily, Houston, for respondent.

Before SAM BASS, DUNN and O'CONNOR, JJ.

## OPINION

DUNN, Justice.

Relator, USX Corporation (USX), seeks a writ of mandamus ordering respondent, the Honorable David West, Judge of the 269th District Court of Harris County, to compel arbitration of the claims asserted against USX in the underlying litigation by the real party in interest, Energy Buyers Service Corporation (Energy Buyers). In the underlying litigation, Energy Buyers asserted

causes of action arising from USX's alleged breach of a contract for the purchase of natural gas. Energy Buyers seeks actual damages in the amounts of $158,000 for gas already delivered and $75,000,000 for lost profits, and punitive damages.

In *USX Corp. v. West*, 759 S.W.2d 764, 766 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding), this Court granted mandamus relief and held that the controversy presented in the underlying litigation was clearly referable to arbitration under the terms of the contract between USX and Energy Buyers and that "it was a clear error of law for the trial court to overrule [USX's] plea in abatement" to stay the underlying litigation pending arbitration. The contract provides:

> Any controversy arising under this Agreement shall be determined by arbitration, such arbitration shall be conducted in Columbus, Ohio in accordance with the rules then obtaining of the American Arbitration Association before a single arbitrator and judgment upon the award rendered may be entered in any Court having jurisdiction thereof.

USX initiated arbitration on the issue of whether the contract imposes a minimum purchase obligation on USX.

During the pendency of the previous original proceeding, USX filed a motion to compel Energy Buyers to arbitrate the remaining claims that Energy Buyers alleged in the underlying litigation, which respondent denied in an October 17, 1988 written order. In his June 12, 1989 order, respondent also refused to grant USX's motion for reconsideration of USX's motion to compel arbitration, with the following statement: "In light of this Court's grant of USX Corporation's Plea in Abatement to Stay Action Pending Arbitration, the Court declines to grant USX Corporation's Motion to Compel Arbitration."[1]

USX contends that respondent abused his discretion in refusing to compel Energy Buyers to arbitrate its claims for actual

1. Neither the order abating the underlying litigation nor this Court's previous opinion divests respondent of jurisdiction to compel arbitration.

*See The Anaconda v. American Sugar Ref. Co.*, 322 U.S. 42, 44, 64 S.Ct. 863, 865, 88 L.Ed. 1117 (1944).

and punitive damages. The Federal Arbitration Act provides:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (1988).

■■■ Texas courts have the power to compel arbitration under the Arbitration Act. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum*, 666 S.W.2d 604, 610 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985); *see also* 9 U.S.C. § 4 (1988). Because the benefits of arbitration will be lost when the parties are forced to go through the litigation and appellate processes, mandamus relief is appropriate when the trial court clearly abuses its discretion in denying a motion to compel arbitration. *Shearson Lehman Hutton, Inc. v. McKay*, 763 S.W.2d 934, 939 (Tex.App.—San Antonio 1989, orig. proceeding). A clear abuse of discretion exists when the court's decision is contrary to the one compelled by the facts and circumstances, thereby actually extinguishing any discretion in the matter, *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex.1985), or is arbitrary, or is unreasonable, or is reached without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

In relation to proceedings in federal court, the United States Supreme Court has stated that the Arbitration Act:

By its terms, . . . leaves no place for the exercise of discretion by a district court, but instead mandates that district courts

*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. § 3, 4. Thus, insofar as the language of the Act guides our disposition of this case, we would conclude that agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement.

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

■■ USX alleges that Energy Buyers does not intend to assert with the arbitrator its "claims" for breach of contract, conspiracy to breach the contract, and punitive damages. In its answering statement filed with the American Arbitration Association, Energy Buyers alleged that USX breached the contract resulting in damages to Energy Buyers. Energy Buyers also included a counterclaim for "damages," arising from the alleged breach but alleged that the arbitrator is not required to determine the damages issue.

The contractual provision provides that a "controversy" between parties arising under the contract shall be arbitrated. Clearly, the parties employed this general term to avoid piecemeal arbitration of individual causes of action, claims, or issues and to encourage the resolution of the entire "controversy."

■■ A "controversy" between parties may encompass different causes of action and claims for different types of damages. The ways in which USX allegedly breached the contract or effected the breach are issues within the "controversy." Likewise, the determination of actual damages is an issue within the "controversy." Further, Energy Buyers' claim for punitive damages against USX arises from USX's alleged wrongful acts in effecting a breach of the contract and is within the scope of the contractual provision requiring arbitration; therefore, the issue of punitive damages is part of the "controversy" before the arbitrator. *See Willoughby Roofing & Supply Co. v. Kajima Int'l, Inc.*, 598 F.Supp. 353

(N.D.Ala.1984), *aff'd,* 776 F.2d 269 (11th Cir.1985). *See also* Commercial Arbitration Rules 43, American Arbitration Association (Sept. 1, 1988) ("[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties....").

■ USX's notice of the initiation of arbitration and Energy Buyers' answering statement and counterclaim for damages place the "controversy" between the parties before the arbitrator. Thus, issues within the controversy, including Energy Buyers' allegations of breach of contract, conspiracy to breach the contract, and punitive damages, are before the arbitrator. Although Energy Buyers' counterclaim does not refer specifically to punitive damages, the enforcement of pleading requirements before the arbitrator is a procedural matter for the arbitrator. *See John Wiley & Sons v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964);[2] *Del E. Webb Constr. v. Richardson Hosp. Auth.,* 823 F.2d 145, 149 (5th Cir.1987).

Moreover, the specification of the issues to be resolved is a matter to be determined by arbitration procedures. Commercial Arbitration Rules 10.

Accordingly, we hold that, at this stage of the proceedings, Energy Buyers is arbitrating the controversy between the parties, which encompasses its allegations of breach of contract, conspiracy to breach the contract, and punitive damages; therefore, the respondent did not clearly abuse his discretion in denying USX's motion to compel arbitration.

We overrule USX's petition for writ of mandamus.

**2.** "Once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."