**PRUDENTIAL SECURITIES INC. and William C. Skinner, Appellants,**

v.

**Robert V. SHOEMAKER and Marjorie L. Shoemaker, Appellees.**

No. 01–97–00086–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 1, 1998.

Macey Reasoner Stokes, Houston, for Appellants.

Russell Manning, Houston, for Appellees.

Before SCHNEIDER, C.J., and HEDGES and NUCHIA, JJ.

## OPINION EN BANC

COHEN, Justice.

This appeal challenges a judgment confirming an arbitration award. In two points of error, appellants Prudential Securities Inc. and William C. Skinner (collectively "Prudential") allege that the trial court erred (1) in confirming the award of punitive damages and (2) by not filing findings of fact and conclusions of law. We affirm.

### STATEMENT OF FACTS

The Shoemakers alleged they lost money due to Prudential's mismanagement. In accordance with their account agreement, the Shoemakers filed a claim with the National Association of Securities Dealers ("NASD"). In their "Statement of Claim," the Shoemakers alleged state and federal securities fraud,[1] common-law fraud, statutory fraud,[2] violations of the Texas Deceptive Trade Practices Act ("DTPA"),[3] breach of contract, and other state and federal statutory violations.[4] They sought actual damages of "not less than $140,000.00." Their claim stated, "The Shoemakers believe that the nature of the violations of Texas and federal laws ... dictate that they should be awarded treble damages...."

Three NASD arbitrators conducted a three-day hearing and unanimously awarded the Shoemakers $126,300 in actual damages, $100,000 in "punitive damages," and attorney's fees.

Prudential then sued in the district court, alleging the award should be vacated because (1) the panel exceeded its authority by deciding an issue not before it, i.e., punitive damages; (2) one arbitrator misrepresented his credentials; and (3) the hearing was unfair. The trial court confirmed the award.

1. Texas Securities Act, Tex Rev Civ. Stat. Ann. art. 581, § 33 (Vernon 1998); Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78dd (1994) and rules 10b and 10b–5 thereunder.

2. Tex. Bus. & Com.Code Ann. § 27.01 (Vernon 1987).

3. Tex. Bus. & Com.Code Ann §§ 17.41–.63 (Vernon 1987 & Supp.1998).

4. The other statutory violations included a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim (18 U.S.C. §§ 1961 et seq. (1994)), which was abandoned.

## PUNITIVE DAMAGES

In point of error one, Prudential alleges that the arbitration panel exceeded its authority "by deciding a matter not submitted for arbitration," punitive damages, because the Shoemakers did not plead a claim for punitive damages.

The Shoemakers contend they pleaded a claim for punitive damages and, in any event, that interpretation of issues presented during arbitration is a procedural matter to be left to the arbitration panel, not to a reviewing court.

### Standard of Review

Judicial review of arbitration awards is "very deferential." *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir.1994); *Babcock & Wilcox Co. v. PMAC, Ltd.*, 863 S.W.2d 225, 229 (Tex. App.—Houston [14th Dist.] 1993, writ denied). The reviewing court resolves all doubts in favor of the arbitration panel when reviewing whether it exceeded its authority. *Executone*, 26 F.3d at 1320. The reviewing court must indulge every reasonable presumption to uphold the arbitration award. *Massey v. Galvan*, 822 S.W.2d 309, 316 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

Arbitration is a contractual remedy, and the scope of the arbitrator's authority is defined by the contract. *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597–99, 80 S.Ct. 1358, 1361–62, 4 L.Ed.2d 1424 (1960). "The single question is whether the award, however arrived at, is rationally inferable from the contract." *Executone*, 26 F.3d at 1325.

As the party attacking the arbitration award, Prudential must prove the arbitration panel exceeded its authority. *Thomas v. Prudential Sec., Inc.*, 921 S.W.2d 847, 849 (Tex.App.—Austin 1996, no writ). The arbitration panel exceeds its authority by deciding a matter not presented to it. 9 U.S.C. §§ 10(a)(4), 11(b) (1994). The issues before the arbitration panel are framed by the contract between the parties and by the pleadings. *Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, 1195 (11th Cir.1995).

### Discussion

The contract between these parties is not in the appellate record. For that reason alone, Prudential cannot prevail. We must presume that the contract provides for punitive damages. *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 520 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (holding that missing parts of record are presumed to support the judgment).

Moreover, the Shoemakers pleaded a fraud claim under TEX. BUS. & COM.CODE § 27.01, which expressly provides for "exemplary damages."[5] The Shoemakers also pleaded a claim for common-law fraud, for which punitive damages are recoverable. This was in addition to their claim for "treble damages"[6] for "violations of Texas and federal laws ...," including the DTPA. The punitive damages awarded, $100,000, is much less than treble damages, being less than the actual damages awarded ($126,300). The

---

**5.** "Exemplary damages" and "punitive damages" are synonyms. BLACK'S LAW DICTIONARY 352 (5th ed.1979); GARNER, A DICTIONARY OF MODERN LEGAL USAGE 165, 230, 452 (Oxford 1987). *See Miley v. Oppenheimer & Co. Inc.*, 637 F.2d 318, 329–32 (5th Cir.1981) (using the term interchangeably).

**6.** The award stated, "In determining to award punitive damages, the panel considered the arguments of the parties and took judicial notice of *Miley v. Oppenheimer*" The *Miley* court, deciding a securities fraud case, described "treble damages" as a "formula of punitive damages." 637 F.2d at 331. It stated:

[W]e feel that a formula of punitive damages equal to three times compensatory damages is a fairly good standard against which to assess whether a jury abused its discretion ... [M]any courts ... awarding punitive damages for intentional damages for intentional big business torts have selected that figure. (citations omitted) Moreover, we are greatly impressed by one commentator's insightful analysis on this issue:

... [T]he only sure way of deterring such conduct in the future is to ... slap on an additional amount as punitive damages: an award equal to treble damages would be fair, reasonable and in the public interest.

We conclude the three times compensatory damage figure is a proper rule-of-thumb by which to assess the excessiveness of a jury's award of punitive damages in a churning case.

award specifically mentioned the Shoemakers' claims for statutory fraud under § 27.01, for common-law fraud, and for treble damages. The arbitrators did not state grounds for their award; therefore, we presume they found against Prudential on all these grounds.

We hold that appellees pleaded a claim for punitive damages. Even if they had not, the award in the amount of $100,000 was well within their request for treble damages under Texas and federal law, and therefore, Prudential should not have been surprised.[7] A different question would be presented if the punitive damages had exceeded treble actual damages. Pleadings are liberally construed, absent special exceptions. *Roark v. Allen*, 633 S.W.2d 804, 809–10 (Tex.1982). There were no special exceptions. Therefore, we construe the pleadings liberally in favor of the Shoemakers. We hold that they gave fair notice. TEX.R. CIV. P. 45.

There are other reasons Prudential cannot prevail. "Once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons v. Livingston*, 376 U.S. 543, 556, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); *accord USX Corp. v. West*, 781 S.W.2d 453, 455 (Tex.App.—Houston [1st Dist.] 1989, no writ) ("Although Energy Buyers' counterclaim does not refer specifically to punitive damages, the enforcement of pleading requirements before the arbitrator is a procedural matter for the arbitrator.") Whether Pru-

dential had proper notice was a procedural issue for the arbitrators.

Finally, Prudential tried in the district court to admit in evidence the typed transcript of the tape recorded arbitration hearing. The Shoemakers objected, stating (correctly) that the sole proof of authenticity was an illegible signature, by an untitled individual, giving an unsworn statement that the transcription was accurate. The trial judge took the objection under advisement, along with the case. He never admitted the evidence. Therefore, Prudential cannot rely on that transcript.[8] Thus, we must presume that the arbitration record supports the award. But even if we considered the arbitration record, Prudential would lose because the unauthenticated record is also incomplete. It does not contain any of Prudential's at least 4 exhibits, nor any of the Shoemakers' at least 17 exhibits, nor the arbitrators' exhibit, which was the "claimant's submission agreement."[9]

Point of error one is overruled.

In its second point of error, Prudential contends the district judge erred by refusing to file findings of facts and conclusions of law.

A judge's refusal to make findings of fact and conclusions of law is presumed harmful unless the record affirmatively shows the complaining party has suffered no injury. *Cherne Indus. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989). Injury is apparent if the missing findings "probably prevented the appellant from properly presenting the case to the court of appeals." Tex. R.App. P. 44.1(a)(2); *Cherne*, 763 S.W.2d at

---

637 F.2d at 331–32.

**7.** The record contains evidence of securities industry practice that bears on the issue of surprise and fair notice to Prudential. For example, the NASD Arbitrator's Manual provides:

B. Punitive Damages
The issue of punitive damages may arise with great frequency in arbitrations. *Parties to arbitration are informed that arbitrators can consider punitive damages as a remedy.* (emphasis supplied) *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 115 S.Ct. 1212, 1219, 131 L.Ed.2d 76 (1995) (recognizing this and other NASD procedures that "while not a clear autho-

rization for punitive damages ... appears broad enough at least to contemplate such a remedy.")

**8.** This case is not controlled by *Owens–Corning Fiberglas Corp. v. Keeton*, 922 S.W.2d 658, 661 (Tex.App.—Austin 1996, writ denied), because the judge in that case conditionally admitted the evidence. The judge here did not.

**9.** The table of contents lists four Prudential exhibits and 17 of the Shoemakers' exhibits, all listed consecutively, but as the Shoemakers point out, the hearing record mentions admission of an exhibit 12 by Prudential and an exhibit 21 by the Shoemakers.

772 (referencing former TEX.R.APP. P. 184, repealed, reenacted as TEX.R.APP. P. 61.1).

Prudential contends it needed findings in order to argue on appeal that: (1) the arbitrators exceeded their authority by awarding punitive damages; (2) one arbitrator misrepresented his credentials; and (3) the hearing was unfair. If the judge had made findings concerning the first and third issues, we would presume, absent a record of the arbitration, that they were supported by evidence. Therefore, we would uphold them.

Prudential faces a similar problem on the second issue. Its only evidence on that issue was an affidavit that, upon appellee's sustained objection, was excluded from evidence. Therefore, any adverse finding against Prudential on that issue would inevitably be upheld on appeal. The record thus affirmatively shows that Prudential was not harmed by the judge's refusal to make findings.

Point of error two is overruled.

The judgment is affirmed.

En banc consideration was requested.

A majority of the justices of the Court voted to consider the case en banc.

SCHNEIDER, C.J., and MIRABAL, O'CONNOR, WILSON, and ANDELL, JJ., join Justice COHENS' majority opinion.

TAFT and NUCHIA, JJ., join Justice HEDGES' dissenting opinion.

HEDGES, Justice, dissenting.

I respectfully dissent. I believe that the arbitrators exceeded their authority in awarding punitive damages.

In point of error one, Prudential alleges that the arbitration panel exceeded its authority by awarding common-law punitive damages to the Shoemakers.[1] Prudential asserts that the Shoemakers' claim did not request punitive damages. It buttresses its assertion as follows: (1) although the Shoe-

makers submitted a substantial claim with many allegations and detailed requests for relief, there was no specific claim for punitive damages; (2) the Shoemakers did not assert a claim for punitive damages at the hearing; (3) the panel awarded punitive damages based on its own judicial notice of its abstract ability to do so; (4) punitive damages are not inferable from a request for treble damages under a DTPA claim; (5) punitive damages are not a substitute for a "knowing" violation of the DTPA; and (6) the panel did not award any other DTPA damages.

The Shoemakers counter that a claim for punitive damages may be inferred from their amended claim. They point out that interpretation of issues presented to an arbitration panel is a procedural matter to be left to the arbitration panel, not a reviewing court. They assert that because the NASD arbitration rules and the NASD arbitrator's manual include provisions for punitive damages, and the contract between the parties stated they would conduct the arbitration in accordance with NASD rules, the arbitration panel had sufficient authority to award punitive damages. They argue that because their damage claim included the language "treble damages" and "nature of the violations of law," their claim fits within the NASD definition of punitive damages. They contend that their request in closing argument before the arbitration panel that the panel "make [defendants] pay" is a rationally inferable claim for punitive damages.

I defer to the majority opinion for a correct statement of the law. It is in the application of the law to the facts where we part company.

I believe that the trial court erred when it confirmed the entire arbitration award, because the statement of claim did not authorize the arbitration panel to award punitive damages. I am not persuaded by the Shoemakers' argument that their pleadings were sufficient to allow the arbitration panel to

---

1. The arbitration panel's citation of *Miley* in its award makes it clear that the punitive damages award was common-law punitive damages, as opposed to statutory punitive damages. In *Miley* the issue was whether the arbitration panel had the authority to award common-law punitive damages in an account churning case. *Miley v. Oppenheimer,* 637 F.2d 318 (5th Cir.1981). The issue of whether a proper request for common-law punitive damages was made was not before that court.

infer a request for punitive damages. The Shoemakers' claim before the arbitration panel was very detailed and requested specific damages. They never requested common-law punitive damages.

I recognize that the interpretation of issues presented to an arbitration panel is a procedural matter to be left to the arbitrator, not to a reviewing court. *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 556–57, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); *USX Corp. v. West,* 781 S.W.2d 453, 455 (Tex.App.-Houston [1st Dist.] 1989, no writ). The issue before us is not the interpretation of a mere procedural issue, but rather the fundamental adjudicatory authority of the arbitration panel.

I believe that the request for treble damages in the Shoemakers' statement of claim clearly refers to their DTPA claim. Treble damages under the DTPA are punitive in nature. *Pace v. State,* 650 S.W.2d 64, 65 (Tex.1983). In the context of the Shoemakers' detailed DTPA claim, a claim for common-law punitive damages cannot be reasonably inferred from the Shoemakers' claim for treble damages or their argument that the panel should "make [defendants] pay."

The Shoemakers' claim that the reference to the NASD manual and rules authorized the arbitration panel to award punitive damages also fails to persuade me. The fact that the manual and rules **permit** an arbitrator to award punitive damages as defined therein does not mean that punitive damages may be awarded in every case, even in the absence of a proper claim.

The arbitration panel erred in relying on *Miley v. Oppenheimer* to award common-law punitive damages absent a proper request. The *Miley* plaintiff specifically requested punitive damages. 637 F.2d at 329–31. The defendant contested only whether punitive damages were a proper remedy. *Id.* The court held that common-law punitive damages were available to a plaintiff alleging churning of its securities account under Texas law. *Id.* at 332.

I believe that the Shoemakers fail in their attempt to distinguish *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.,* 607 F.2d 649 (C.A.5 La. 1979) They correctly argue that in *Totem,* the arbitrator awarded damages that the winning party had expressly stipulated were not at issue. 607 F.2d at 651–52. Therefore, the arbitrator's authority had been specifically limited by the parties in that case. The fact that the issue was disputed in this case does not negate the *Totem* holding, that the arbitrator could not award damages he had no authority to consider.

The Shoemakers' reliance on *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995), is misplaced as well. In that case, the United States Supreme Court held that a plaintiff could be awarded punitive damages under the Federal Arbitration Act and the NASD rules even though New York (the choice of law under the contract) did not permit the award of punitive damages in an arbitration, when the parties included a claim for punitive damages before the arbitration panel. 514 U.S. at 58, 115 S.Ct. at 1216.

The Shoemakers argue that when the appellant fails to present a complete record, the reviewing court must assume that the missing portions of the record support the arbitrator's award. *Jamison & Harris v. National Loan Investors,* 939 S.W.2d 735, 737 (Tex.App.-Houston [14th Dist.] 1997, writ denied); *City of Baytown v. C.L. Winter, Inc.,* 886 S.W.2d 515, 520 (Tex.App.-Houston [1st Dist.] 1994, writ denied). They contend that neither the transcripts and tapes of the arbitration proceeding nor the account agreement were ever admitted, and therefore, that the court must assume that the missing portions of the record support the arbitration panel's award. They also contend that the absence of the initial arbitration agreement between Prudential and the Shoemakers is fatal.

The Shoemakers are incorrect in their claim that the tapes and transcripts of the arbitration hearing were not in evidence. Prudential introduced the tapes and transcripts into evidence. The Shoemakers objected on the grounds that the proffered evidence had not been authenticated. The trial court conditionally accepted the evidence, and took the Shoemakers' objection under advisement. Because the trial court never ruled on the objection, the evidence was admitted and assumed to have been considered by the trial court in reaching its

decision. *Owens–Corning Fiberglas Corp. v. Keeton,* 922 S.W.2d 658, 661 (Tex.App.-Austin 1996, writ denied).

The absence of the arbitration agreement is irrelevant to the adjudication of the merits of this appeal. Prudential is not complaining that the award is outside the contract of arbitration, and the Shoemakers certainly do not make such a contention. The only relevant document, in the context of Prudential's claim, is the submission agreement, which is in the record.

I would sustain point of error one.

I would reverse the judgment of the trial court awarding $100,000.00 in punitive damages to the Shoemakers and render judgment deleting the punitive damages of $100,000.00 from the trial court's judgment and reducing the judgment in favor of the Shoemakers from $266,250.00 to $166,250.00. I would affirm the remainder of the judgment.

En banc consideration was requested.

A majority of the justices of the Court voted to consider the case en banc.

SCHNEIDER, C.J., and MIRABAL, O'CONNOR, WILSON and ANDELL, JJ., join Justice COHEN'S majority opinion.

TAFT and NUCHIA, JJ., join Justice HEDGES' dissenting opinion.