Opinion issued June 30, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00366-CV

———————————

EcoProduct Solutions, L.P., Appellant

V.

ENGlobal
Engineering, Inc. and Swenson Technology, Inc., Appellees



 



 

On Appeal from the 270th District Court

Harris County, Texas



Trial Court Case No. 2009-64881

 



 

MEMORANDUM OPINION

          EcoProduct
Solutions, L.L.P. appeals from summary judgments granted in favor of ENGlobal
Engineering, Inc. and Swenson Technology, Inc. on EcoProduct’s claims against
them. We affirm.

Background

          This dispute
arises out of the construction of a liquid calcium chloride manufacturing
plant. EcoProduct created the process design for the plant, hired ENGlobal to
provide engineering services, and acquired the evaporator system for the plant from
Swenson. EcoProduct’s contracts with Swenson and ENGlobal each contain an arbitration
provision requiring that any dispute arising out of or in connection with the
contract be submitted to binding arbitration in Houston, Texas in accordance
with the Commercial Arbitration Rules of the American Arbitration Association. 

After problems arose with the plant,
EcoProduct initiated an arbitration against Swenson. Two and a half months later,
on October 31, 2008, EcoProduct sought to join ENGlobal into the Swenson arbitration.
Swenson objected to joining ENGlobal in their ongoing arbitration; ENGlobal also
did not consent to the joinder. In November 2008, the AAA declined to allow EcoProduct
to join ENGlobal into the pending arbitration without ENGlobal’s and Swenson’s
consent, noting that the parties had different arbitration contracts. The AAA
advised EcoProduct that it could revisit the issue with the Swenson arbitration
panel once the full panel was appointed. EcoProduct did not initiate a separate
arbitration proceeding against ENGlobal or raise the issue again with the
arbitration panel. Instead, EcoProduct sued ENGlobal and Swenson in state court
in October 2009, approximately one year after the AAA declined to join ENGlobal
into the Swenson arbitration. 

EcoProduct’s petition contained an
“arbitration caveat,” in which EcoProduct stated that it and Swenson were
currently engaged in arbitration and requested that the trial court compel ENGlobal
to join the pending arbitration and then abate the suit. EcoProduct’s petition did
not merely seek arbitration; EcoProduct pled substantive causes of action
against ENGlobal and Swenson for breach of contract, breach of warranty,
negligence, fraudulent inducement, promissory estoppel, negligent
misrepresentation and violations of the Texas Deceptive Trade Practices Act[1] and prayed for the award of
actual damages of $45,000,000, exemplary damages, attorneys’ fees, and interest.
The prayer of EcoProduct’s petition did not reference arbitration. EcoProduct’s
petition also contained a request for disclosures, demand for jury trial, and
statement that EcoProduct had paid the requisite jury fee.

In November 2009, ENGlobal answered
EcoProduct’s petition and moved for traditional summary judgment on the basis
of the applicable statutes of limitations. ENGlobal’s summary judgment evidence
included an affidavit averring that ENGlobal’s work on the plant project was
completed in August 2005, more than four years before EcoProduct filed suit. ENGlobal
also moved to dismiss EcoProduct’s negligence claims for failure to file a
certificate of merit in compliance with Chapter 150 of the Civil Practices and
Remedies Code.

In December, Swenson answered and moved
for traditional and no-evidence summary judgments, arguing that (1) EcoProduct’s
claims under the DTPA were precluded by the DTPA’s statutory exclusions, (2) EcoProduct’s
negligence claims were barred by the statute of limitations and were an improper
recasting of its breach of contract claims, (3) the warranties pled were
expressly disclaimed, (4) with respect to the breach of contract claim, there was
no evidence that EcoProduct performed under the contract, (5) EcoProduct’s
estoppel allegations were preempted by the parties’ contract, (6) the
fraudulent inducement claim was defeated by the disclaimer of reliance in the
parties’ contract, and (7) the contract barred recovery of consequential and
exemplary damages. 

On January 14, 2010, one week
before the summary judgment hearings, EcoProduct moved to compel arbitration.
The prayer of the motion to compel asked the trial court to “[o]rder all parties to Arbitration
under [the pending arbitration against Swenson.]” In the text of the motion, EcoProduct
asked, in the alternative, that the court “[c]ompel Arbitration against ENGlobal
only and to consolidate” that arbitration with the pending arbitration against
Swenson, either for discovery purposes or to have a single proceeding with two
separate panels. The record on appeal
does not reflect that EcoProduct ever set its motion to compel arbitration for
hearing or submission. 

EcoProduct also filed motions to “dismiss”
the motions for summary judgment,[2] contending that the only
issue the trial court could address in the suit was whether to compel
arbitration. In its motions to dismiss, EcoProduct noted that it had filed a
motion to compel arbitration, but it did not indicate that the motion had been
set for hearing or submission or was otherwise before the court at that time. EcoProduct
did not file a motion for continuance of the summary judgment hearing to allow it
more time to obtain a hearing on or submission of its motion to compel
arbitration. But its motions to dismiss each contained this sentence: “Should
the Court determine jurisdiction is proper to determine the merits of [ENGlobal’s
and Swenson’s motions for summary judgment], we ask [] the Court for an
abatement of this motion until such time [as] proper relief is sought through
AAA.” In the prayer of the motions to dismiss, EcoProduct asked the court to
compel arbitration in the pending arbitration against Swenson. EcoProduct did
not otherwise respond to Swenson’s and ENGlobal’s motions for summary judgment.

On January 22, the trial court
conducted a hearing on the summary judgment motions. EcoProduct asserts that
the hearing included a discussion of procedural issues concerning EcoProduct’s
petition, the status of the pending arbitration, and EcoProduct’s motion to
dismiss, as well as ENGlobal’s and Swenson’s motions for summary judgment. We
do not have a record of the hearing. 

One week later, the trial court
granted ENGlobal’s and Swenson’s motions for summary judgment. EcoProduct moved
for reconsideration, arguing that summary judgment was improper because the court
was required to rule on the motion to compel arbitration before ruling on the
motions for summary judgment and, alternatively, that the summary judgment was
substantively erroneous on various grounds. In the prayer of its motion to
reconsider, EcoProduct asked the trial court to deny the motions for summary
judgment and compel ENGlobal to join the pending arbitration against Swenson. 

In May, the trial court entered a final
take-nothing judgment against EcoProduct, denying EcoProduct’s request for
reconsideration and reaffirming his previous grant of ENGlobal’s and Swenson’s
summary judgment motions. The
final judgment did not address EcoProduct’s motion to compel arbitration. The
judgment expressly stated that it was final and “disposes of all claims and all
parties, and is appealable.” See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 191–204 (Tex. 2001)
(stating that such language unequivocally expresses trial court’s intention
that judgment be final). This appeal ensued.




 

Standard of Review

We review a trial
court’s decision to grant summary judgment de novo. Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009); Valence
Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). A party moving for traditional summary
judgment bears the burden of demonstrating that no genuine issue of material
fact exists, and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG Peat
Marwick v. Harrison Cnty. Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). A defendant may satisfy this
burden by conclusively negating at least one element of the plaintiff’s claims
or by establishing all elements of an affirmative defense. Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex.
2005); KPMG Peat Marwick,
988 S.W.2d at 748.
Once the movant satisfies its burden, the burden shifts to the non-movant to
raise an issue of material fact precluding summary judgment. Centeq Realty,
Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). When a party files a no-evidence
summary judgment motion on claims on which the nonmovant bears the burden of
proof at trial, the nonmovant bears the burden of presenting evidence
sufficient to raise an issue of fact with respect to each element of its claims
challenged in the summary judgment motion.
Tex. R. Civ. P. 166a(i); Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006). 

We review the evidence in the light most favorable to the
nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors
could and disregarding contrary evidence unless reasonable jurors could not. Fielding, 289 S.W.3d at 848; City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005). When,
as here, the trial court’s summary judgment order does not state the basis for
the trial court's decision, we must uphold the order if any of the theories
advanced in the motion is meritorious. Provident Life & Accident Ins.
Co. v. Knott, 128 S.W.3d
211, 216 (Tex. 2003). “Issues
not expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as grounds for reversal.” Tex. R. Civ. P. 166a(c).

We review the denial of a motion to compel arbitration for
abuse of discretion. In re D. Wilson Constr. Co., 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding); Walker
v. Packer, 827 S.W.2d 833,
839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it
acts arbitrarily or unreasonably and without reference to any guiding rules or
principles. See Walker, 827
S.W.2d at 839–40. Because a trial court has no discretion in determining what
the law is or how to apply the law, we review this category of discretionary
rulings de novo. See id. at 840. 

Whether a party has waived its right to arbitration is a
question of law, which we review de novo. In re Fleetwood Homes, L.P., 257 S.W.3d 692, 694 (Tex. 2008)
(orig. proceeding); Perry Homes v. Cull, 258 S.W.3d 580, 591–93 (Tex. 2008);
Williams Indus., Inc. v. Earth Dev. Sys. Corp., 110 S.W.3d 131, 135 & n.4 (Tex. App.—Houston [1st Dist.]
2003, no pet.). The party opposing arbitration on the basis of waiver has the
burden to prove waiver. See In re Fleetwood Homes, 257 S.W.3d at 695 (“Because [real party in interest] has
failed to show that Fleetwood waived its contractual right to arbitration, we
conditionally grant Fleetwood’s petition for writ of mandamus and direct the
trial court to compel arbitration.”); In re Multifuels, L.P., No. 01-09-00475-CV,
2010 WL 1981570, at *6 (Tex. App.—Houston [1st Dist.] May 7, 2010, no pet.). 

Ruling on
Summary Judgment Motions Before 

Ruling
on Motion to Compel Arbitration

 

In its first and second issues, EcoProduct
contends that the trial court erred in granting Swenson’s and ENGlobal’s
motions for summary judgment before ruling on EcoProduct’s motion to compel
arbitration. The record does not reflect that the motion to compel was set for
hearing or submission, and EcoProduct does not assert that the trial court
delayed in ruling on the motion to compel, which was filed the week before the
summary judgment hearing. Nor did EcoProduct request a continuance of the
summary judgment hearing to allow time for adjudication of the motion to compel.[3] EcoProduct’s position on
appeal is that, once it filed its motion to compel arbitration, the trial court
was bound to rule on that motion before reaching any other motion.[4] The parties dispute whether
the trial court reached the motion to compel arbitration. EcoProduct contends
that the trial court did not reach the motion and requests that we reverse the
final judgment and remand the case to the trial court for a ruling on the
motion to compel arbitration. Swenson and ENGlobal contend that the trial court
implicitly overruled the motion to compel arbitration. 

To prevail in its appeal,
EcoProduct must demonstrate both that the trial court erred and that the trial
court’s error probably caused the rendition of an improper judgment or
prevented EcoProduct from properly presenting its appeal—EcoProduct must establish harmful error. Tex. R. App. P. 44.1 (prohibiting
courts of appeals from reversing a trial court’s judgment where error did not
result in the necessary harm). Here, even if we assume that that the trial
court erroneously ruled on the motions for summary judgment before reaching
EcoProduct’s motion to compel, EcoProduct fails to demonstrate that this
alleged error probably caused the rendition of an improper judgment or
prevented it from properly presenting this appeal. Cf. id.; Vickery
v. Vickery, 999 S.W.2d 342, 351
(Tex. 1999); Boston Invs. Group, Inc. v. Three Arch Capital, No. 01-08-00852-CV,
2011 WL 2089636, at *5 (Tex. App.—Houston [1st Dist.] May 19, 2011, no. pet.
h.); Hot-Hed, Inc. v. Safehouse Habitats (Scotland), Ltd., 333 S.W.3d
719, 735 (Tex. App.—Houston [1st Dist.] 2010, pet. filed). 

Specifically, EcoProduct would have
been sufficiently harmed by the trial court’s purportedly ruling on the motions
for summary judgments prior to the motion to compel only if EcoProduct was entitled
to prevail on its motion to compel arbitration. See Tex. R. App. P.
44.1 (declaring that error can result in reversal only if it probably resulted
in improper judgment or prevented adequate review by appellate court).  EcoProduct fails to establish that it was
entitled to prevail on its motion to compel. Although EcoProduct cites to Section 171.021 of the Civil
Practices and Remedies Code for the general proposition that the trial court
must compel arbitration once a party establishes that there is an enforceable
arbitration agreement that covers the claims at issue, it does not attempt to
establish that it satisfied the requirements of this statute. See Tex.
Civ. Prac. & Rem. Code Ann. § 171.021(b) (West 2005). Section
171.021 requires a party seeking an order compelling arbitration to make an
initial showing that (1) there is an agreement to arbitrate, and (2) the other
party refuses to arbitrate. Id. §
171.021(a). EcoProduct has not attempted to show that ENGlobal refuses to
arbitrate; it asserts only that ENGlobal had not consented to be joined in the
pending arbitration against Swenson. Swenson is participating in an ongoing
arbitration with EcoProduct and clearly does not refuse to arbitrate.

Additionally, EcoProduct fails to
demonstrate that it was entitled to the relief it requested in its motion to
compel. EcoProduct did not request an order compelling the parties to arbitrate;
it specifically requested an order that its claims against both ENGlobal and
Swenson be arbitrated together in the pending arbitration against Swenson—relief which the AAA declined to grant.
EcoProduct provides us with no legal authority demonstrating that it is
entitled to the joint arbitration it requested in its motion (or the
partially-joined arbitration it requested in the alternative), rather than
separate arbitrations consistent with the AAA’s preliminary determination.[5] To the contrary, EcoProduct
admits that there is no provision in the parties’ contracts providing for joint
arbitration. We may not rewrite the parties’ arbitration agreement. See In re Merrill Lynch Trust Co. FSB,
235 S.W.3d 185, 191 (Tex. 2007) (refusing to allow affiliates of party to
arbitration agreement to compel arbitration because doing so would “effectively
rewrite their contracts”); J.M. Davidson,
Inc. v. Webster, 128 S.W.3d 223, 231 (Tex. 2003) (declining to rewrite
contract to make arbitration provision unambiguous and enforceable); see also Tenneco Inc. v. Enterprise Prods.
Co., 925 S.W.2d 640, 646 (Tex. 1996) (stating that “courts will not rewrite
agreements to insert provisions parties could have included or to imply
restraints for which they have not bargained”).

Nor has EcoProduct provided us with
any authority suggesting that the trial court had the authority or obligation
to overrule a decision made by the AAA with respect to preliminary procedural
aspects of an AAA arbitration or to dictate the actions of the AAA, a
non-party, rather than the actions of the litigants. By contrast, the parties’
contracts dictate that the arbitrations will be governed by the AAA’s
procedures for commercial arbitrations, and the statute relied on by EcoProduct
specifically authorized the trial court to order “the parties” to arbitrate. Tex. Civ. Prac. & Rem. Code Ann. §
171.021(b) (“A court shall order the parties
to arbitrate on application of a party showing that . . .”). 

We therefore conclude that, even accepting
as true EcoProduct’s contention that the trial court ruled on Swenson and
ENGlobal’s motions for summary judgment before ruling on EcoProduct’s motion to
compel arbitration and erred in doing so, EcoProduct has failed to establish
that it suffered harm as a result of this alleged error. See Tex. R. App. P.
44.1 (establishing harm as a prerequisite for reversal of a trial court’s
judgment).

Waiver of Arbitration Rights

          In
its third issue, EcoProduct argues that it has not waived its right to arbitrate.[6] Because an agreement to arbitrate is
simply a matter of contract between the parties, the right to arbitrate can be
waived if the parties agree to resolve their dispute in court. Perry Homes, 258 S.W.3d at 593. A strong presumption
exists against waiver, however, and “[a]ny
doubts regarding waiver are resolved in favor of arbitration.” Williams
Indus., 110 S.W.3d at 135
(citing In re Bruce Terminix, 988 S.W.2d 702, 705 (Tex. 1998)); see In
re D. Wilson Constr.,
196 S.W.3d at 783; Perry Homes,
258 S.W.3d at 589–90. The burden to establish waiver is a heavy one. Bruce
Terminix Co., 988 S.W.2d at
704–05. 

Although EcoProduct asserts that it has not waived its right
to arbitrate, it does not specify how this issue impacts the trial court’s
judgment. EcoProduct does not assert that the trial court erroneously denied
its motion to compel arbitration; to the contrary, EcoProduct’s position is
that the trial court declined to rule on the motion. The issue of waiver would
be implicated with respect to EcoProduct’s first and second issues on appeal,
discussed above, if EcoProduct had established that it was otherwise entitled
to prevail on its motion to compel arbitration. But we have determined above
that EcoProduct did not establish that it was entitled to prevail on its motion
to compel arbitration, regardless of any waiver of the right to arbitrate. A
court of appeals need not reach issues that, in light of the court’s holding on
other issues in the appeal, will not affect the disposition of the case. E.g., Ed
Rachal Found. v. D’Unger, 207 S.W.3d 330, 334 n.2 (Tex. 2006); Browning
v. Prostok, 165 S.W.3d 336, 351 (Tex. 2005). We therefore do not reach the
issue of waiver.

Summary Judgments

In its final issue on appeal, EcoProduct attacks summary
judgment in favor of Swenson and ENGlobal on a number of substantive grounds. 

1.       Summary
judgment in favor of ENGlobal

EcoProduct’s claims against ENGlobal were for breach of
contract, breach of warranty, negligent misrepresentation, fraud and promissory
estoppel. The four-year statute of limitations applies to claims for breach of
contract, fraud, and promissory estoppel, and the two-year statute of
limitations applies to claims for negligent misrepresentation. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 16.004, 16.051 (West 2002); Hyundai
Motor Co. v. Rodriguez, 995 S.W.2d 661, 668 (Tex. 1999) (four-year statute
of limitations applies to claim for breach of warranty); HECI Exploration
Co. v. Neel, 982 S.W.2d 881, 885 (Tex. 1998) (two-year statute of
limitations applies to claim for negligent misrepresentation; four-year statute
applies to claim for breach of implied contractual covenants); Ambulatory Infusion Therapy Specialist, Inc.
v. N. Am. Adm’rs, Inc., 262 S.W.3d 107, 119 (Tex. App.—Houston [1st Dist.]
2008, no pet.) (four-year statute of limitations applies to claims for breach
of contract and promissory estoppel).

Generally, a cause of action accrues, and the statute of
limitations begins to run, when facts come into existence that authorize a
party to seek a judicial remedy, regardless of whether the party is aware of
such facts. Provident Life, 128 S.W.3d at 221 (citing Johnson &
Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 514 (Tex. 1998)); Ambulatory Infusion
Therapy Specialist, Inc. v. N. Am. Adm’rs, Inc., 262 S.W.3d 107, 119 (Tex.
App.—Houston [1st Dist.] 2008, no pet.). When applicable, the discovery rule
will toll the statute of limitations such that it does not begin to run until
the date on which the claimant knew or reasonably should have known of the
facts giving rise to its cause of action. Barker
v. Eckman, 213 S.W.3d 306, 312 (Tex. 2006). The discovery rule is a defense
to the affirmative defense of statute of limitations, and it must be pled and
proved by the party seeking to invoke it. Id.; Woods v. William M. Mercer, Inc., 769
S.W.2d 515, 518 (Tex. 1988). To prove application of the discovery rule, a
party must establish that its injury is both inherently undiscoverable and
objectively verifiable. Barker, 213
S.W.3d at 312.

The gravamen of EcoProduct claims against ENGlobal is that
ENGlobal’s work on the plant did not comply with ENGlobal’s contractual
obligations or its alleged representations and warranties regarding the work.[7]
ENGlobal’s summary judgment motion included evidence that all of ENGlobal’s
work on the plant was completed no later than August 2005 and the parties met
in May 2005 to discuss EcoProduct’s concerns regarding ENGlobal’s performance. By
establishing that the allegedly deficient work was finished by August 2005,
ENGlobal met its initial burden of showing the date from which limitations ran
and that this date was more than four years before EcoProduct filed this
action. See Rubio, 185
S.W.3d at 846 (party moving for summary judgment on affirmative defense of
limitations meets burden by demonstrating date of accrual and expiration of
applicable limitations period); KPMG Peat Marwick, 988 S.W.2d at 748 (same). The burden then shifted to EcoProduct to raise an issue of
fact precluding summary judgment on the basis of limitations. Centeq Realty,
899 S.W.2d at 197 (“Once the defendant produces sufficient evidence to
establish the right to summary judgment, the plaintiff must present evidence
sufficient to raise a fact issue.”). EcoProduct contends that it raised such an
issue of fact on two alternative grounds. 

First, EcoProduct contends that the applicable limitations
period for all of its claims is four years; its contract with ENGlobal was
entered into on November 3, 2004; and it brought suit on October 21, 2008,
within four years of the date of contracting. In support of its contention that
it brought suit on October 21, 2008, EcoProduct cites to the amended statement
of claims EcoProduct attempted to file in the arbitration proceeding against
Swenson to add ENGlobal to that proceeding, which the AAA did not accept. EcoProduct
did not pay the AAA filing fee for an arbitration at that time. EcoProduct
provides no legal authority for the proposition that the attempted filing of an
unaccepted arbitration document substitutes for commencement of litigation or
otherwise tolls limitations. Cf. Sun v.
Al’s Formal Wear of Houston, Inc., No. 14–96–01516–CV, 1998 WL 726479, at
*4 (Tex. App.—Houston [14th Dist.] Oct. 15, 1998, no pet.) (not designated for
publication) (holding that limitations expired and was not tolled by petition
to enforce invalid arbitration award). We decline to adopt such a rule here. The
appellate record establishes that EcoProduct filed this suit the following
year, in October 2009, nearly five years after November 3, 2004.

Second, EcoProduct asserts that its claims did not accrue
until 2006, when the “actual start up of the evaporator system” took place,
because that is when it had notice of the facts giving rise to its claim. As
noted above, unless the discovery rule applies, the limitations period runs
from when the facts giving rise to a claim come into existence, not when the
party has notice of those facts. Stine v.
Stewart, 80 S.W.3d 586, 592 (Tex. 2002); Computer Assocs. Int’l, Inc. v. Altai, Inc., 918 S.W.2d 453, 461
(Tex. 1996). EcoProduct did not plead the discovery rule and has not put forth
evidence establishing its application to this case. Cf. Barker, 213 S.W.3d at 312 (party invoking discovery rule must
prove its application); Woods, 769
S.W.2d at 518 (discovery rule defense is waived if not pled). The evidence
cited by EcoProduct is an affidavit it filed in its arbitration against
Swenson, which is in the record among the exhibits to Swenson’s summary
judgment motion. This affidavit addresses whether Swenson complied with its
standard of care in performing engineering services for EcoProduct. While the
affidavit does note that “[i]n 2006, the evaporators were started up and
immediately began experiencing problems,” it does not address any problems with
ENGlobal’s work, does not assert that EcoProduct did not know and reasonably
should not have known of any problems with ENGlobal’s work before the start-up
date, and does not attempt to establish that EcoProduct’s injury was inherently
undiscoverable or objectively verifiable. Cf.
Barker, 213 S.W.3d at 312 (criteria for application of discovery rule). EcoProduct has therefore failed to
raise an issue of fact on its discovery rule defense to limitations.

2.       Summary
judgment in favor of Swenson

With respect to Swenson’s motion for summary judgment, EcoProduct
contends: (a) Swenson’s motion contains allegations of defective pleadings,
which EcoProduct should have been permitted to cure by amendment; (b) the no-evidence
portion of the motion was premature because adequate time for discovery had not
elapsed; and (c) Swenson’s statute of limitations argument “completely
ignor[es] the fact that EcoProduct filed a Demand for Arbitration on August 15,
2008,” and with respect to negligence, EcoProduct had up to ten years to file
suit against an engineer for an alleged design defect that was undiscoverable.

          a.       Pleadings
defects

EcoProduct asserts that Swenson’s
summary judgment motion contains allegations of defective pleadings and that
the trial court erred by failing to allow it an opportunity to replead. EcoProduct
does not specify which allegations in Swenson’s summary judgment motion constitute
allegations of pleadings defects or how EcoProduct might have cured the alleged
defect by repleading.  In our review of
Swenson’s motion for summary judgment, we found substantive arguments for
summary judgment on each of EcoProduct’s claims against Swenson.[8] Because it is not evident from
the record that Swenson obtained summary judgment on the basis of pleadings
defects, and because EcoProduct has not provided us with any specific arguments
in this respect, we hold that EcoProduct has waived this issue. See Tex.
R. App. P. 38.1(i); Humble
Emergency Physicians, P.A. v. Mem’l Hermann Healthcare Sys., Inc., No. 01-09-00587-CV, 2011 WL 1584854,
at *8 (Tex. App.—Houston [1st Dist.] Apr. 21, 2011, no. pet. h.); San Saba
Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th
Dist.] 2005, no pet.). 

b.      Premature no-evidence motion for summary
judgment

EcoProduct asserts that it had less
than four months to conduct discovery and that this period of time does not
satisfy Rule 166a(i)’s prerequisite for an adequate time for discovery before
the filing of any no-evidence summary judgment motion. See Tex. R. Civ. P.
166a(i). But EcoProduct fails to establish that it preserved this issue for
review. To preserve a complaint for appellate review, a party must show that
the record demonstrates that (1) the party timely made the trial court aware of
its complaint and the basis of the complaint in a manner that complied with the
rules of evidence and procedure and (2) the trial court ruled on the complaint
or refused to rule over the objection of the complaining party. Tex. R. App. P. 33.1. 

EcoProduct fails to cite to any
place in the record where it raised this issue before the trial court and
requested more time for discovery from the trial court in compliance with the
rules of procedure. See Tex. R. App. P. 38.1(i) (requiring that appellate
arguments must be supported by appropriate citations to the record); see also Elliott v. West, No. 01–09–00425–CV, 2011 WL 1233434, at *2 (Tex.
App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (noting that a party
complaining that more time was needed to respond to a summary judgment motion
must “request more time from the trial court and support that request with
either affidavit testimony establishing the need for more time or a verified
motion for continuance.”);
see also Tex. R. Civ. P.
166a(g); Tex. R. Civ. P. 251,
252). EcoProduct has therefore waived this complaint.

c.       Limitations

One of Swenson’s asserted grounds for summary judgment is
that EcoProduct’s negligence claims are barred by the statute of limitations.
This ground for summary judgment relates only to EcoProduct’s negligence claims.
Swenson also asserted another ground for summary judgment on EcoProduct’s
negligence claims: that EcoProduct’s negligence claims sounded in breach of
contract but not in tort. See Sw. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991)
(explaining that when injury suffered is to subject matter of contract,
claimant’s action ordinarily sounds only in contract and not in tort). The
trial court’s judgment does not specify which ground was the basis for its
summary judgment on EcoProduct’s negligence claims.

When an appellant fails to challenge—either specifically or
through a broad Malooly challenge[9]—one
or more grounds upon which the trial court’s summary judgment may be affirmed,
a court of appeals must affirm the trial court’s judgment without considering
whether the judgment was proper or improper on the unchallenged grounds. Ellis v. Precision Engine Rebuilders, Inc.,
68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (“If summary
judgment may have been rendered, properly or improperly, on a ground not
challenged, the judgment must be affirmed.”); Am. Nat’l Ins. Co. v. Deutsche
Bank Sec., No. 01-08-00791-CV, 2009 WL 1562960, at *2 (Tex. App.—Houston [1st
Dist.] June 4, 2009, no pet.) (mem. op.) (holding summary judgment must be
affirmed when one possible basis for judgment not challenged on appeal); Lowry
v. Liberty Lloyds of Tex. Ins. Co., No. 01-07-00796-CV, 2008 WL 5178729, at
*1 (Tex. App.—Houston [1st Dist.] Dec. 11, 2008, no pet.) (mem. op.) (same).
Because the trial court could have granted summary judgment on EcoProduct’s
negligence claims against Swenson on the unchallenged ground that the claims
sounded only in contract, we must affirm the trial court’s judgment with
respect to the negligence claim.

Conclusion

With respect to EcoProduct’s contention that the trial court
erred by ruling on the motions for summary judgment before reaching EcoProduct’s
motion to compel arbitration, we conclude that EcoProduct has failed to
establish that this alleged error was harmful. With respect to EcoProduct’s
substantive challenge to the summary judgment in favor of ENGlobal, we hold
that ENGlobal met its summary judgment burden of establishing that the
applicable statutes of limitations on EcoProduct’s claims against it ran before
EcoProduct filed suit, and EcoProduct failed to raise an issue of fact
precluding summary judgment. With respect to EcoProduct’s substantive
challenges to the summary judgment in favor of Swenson, we conclude that
EcoProduct has waived its complaints based on whether Swenson raised pleading
defects and whether the no-evidence portion of Swenson’s motion for summary
judgment was premature; we further conclude that the summary judgment on
EcoProduct’s negligence claim against Swenson can be affirmed on an
unchallenged ground and therefore do not reach EcoProduct’s challenge to the
statute of limitations ground for summary judgment on that claim.

We
affirm the trial court’s judgment.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley and Brown.











[1]           EcoProduct asserted its DTPA claims against
Swenson only.





[2]
          In the text of the motions to
dismiss, EcoProduct indicated that the motions were responses to Swenson’s and
ENGlobal’s motions for summary judgment. 





[3]
          EcoProduct did ask in its
motions to dismiss the summary judgment motions that, if the trial court determined that “jurisdiction was
proper to determine the merits” of the summary judgment motions, the trial
court abate “this motion until such
time [as] the proper relief is sought through AAA.” This is not sufficient to
request a continuance of the summary judgment hearing until after the motion to
compel arbitration has been adjudicated. Moreover, the record does not reflect
that EcoProduct ever set its motions to dismiss the summary judgment motions
for hearing or submission.

 





[4]           In
support of this position, EcoProduct cites two cases that do not involve
summary judgment motions or otherwise address the order in which the trial
court should rule on motions. See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238,
1241 (1985) (holding lower court erred in denying motion to compel arbitration
even though result would be maintenance of two separate proceedings in separate
forums); USX Corp. v. West, 781 S.W.2d 453, 455 (Tex. App.—Houston [1st
Dist.] 1989, no writ) (holding that trial court erred in denying motion to
compel arbitration as to some claims when other claims relating to same
controversy had already been sent to arbitration). 

 





[5]
          ENGlobal and Swenson contend
that, consistent with the AAA’s ruling, nothing in their contracts with
EcoProduct or the applicable AAA procedures provides for such joint arbitration
under the circumstances of this case. EcoProduct acknowledges that AAA rules do
not contain any applicable consolidation rule. By agreeing to arbitrate under
the AAA rules, the parties agreed to arbitrate without such a rule.

 





[6]
          The parties do not address
whether their arbitration provisions in their contracts are governed by the
Federal Arbitration Act (“FAA”) of the Texas Arbitration Act (“TAA”), and the
provisions are silent in this respect. When a trial court denies a motion to
compel arbitration, appellate review may be available under both the TAA and
the FAA so long as the TAA is not preempted. Ellis v. Schlimmer, No. 10–0243, 2011 WL 1206378, at *1 (Tex. April
1, 2011). The TAA is preempted only when it or other state law would not allow
enforcement of an arbitration agreement that the FAA would enforce. Id.   A party arguing that the TAA is preempted
bears the burden of proof on that issue. Id.
at *2. Because no party has met that burden here, we assume that both the TAA
and FAA are available to the parties. Regardless, the standard for determining
waiver is the same under both the FAA and the TAA. Sedillo v. Campbell, 5 S.W.3d 824, 826 (Tex. App.—Houston [14th
Dist.] 1999, no pet.); SEB, Inc. v.
Campbell, No. 03–10–00375–CV, 2011 WL 749292, at *5 (Tex. App.—Austin Mar.
2, 2011, no pet.) (mem. op.).

 





[7]
          The damages EcoProduct sought to
recover with respect to ENGlobal begin with “the amount [EcoProduct] paid to
ENGlobal” for its work on the plant.  





[8]
          Some of the labels on Swenson’s
summary judgment arguments assert that EcoProduct failed to state an actionable
claim, but the arguments under the label are substantive legal arguments. In
connection with Swenson’s motion for no-evidence summary judgment on
EcoProduct’s breach of contract claim, Swenson notes that EcoProduct failed to
plead that it had tendered performance on the parties’ contract, but its
request for summary judgment is also based on the absence of any evidence of
performance.





[9]
          Under Malooly Bros., Inc. v.
Napier, an appellant may assert broadly on appeal that the trial court
erred by rendering summary judgment. 461 S.W.2d 119, 121 (Tex. 1970). In such
an appeal, however, the appellant still must present arguments and support them
with authority and record citations in order to merit reversal. See McCoy
v. Rogers, 240 S.W.3d 267, 272
(Tex. App.—Houston [1st Dist.] 2007, pet. denied).